IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| OPEN CHEER & DANCE CHAMPIONSHIP SERIES, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>VARSITY SPIRIT, LLC, *et al.*,<br><br>Defendants. | 2:23-CV-155-Z |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Motion to Compel Discovery Responses from Defendant U.S. All Star Federation, Inc. ("USASF") ("Motion") (ECF No. 71), filed November 12, 2024. The Court ordered USASF to respond by November 20, 2024, considering the expedited nature of the Motion. ECF No. 74. USASF did so. ECF No. 82. Plaintiffs filed a reply on November 22, 2024. ECF No. 83. Having considered the Motion and relevant law on an expedited basis, the Court **GRANTS** the Motion **IN PART**.

### BACKGROUND

Plaintiffs sued Defendants alleging anticompetitive activity against Plaintiffs intended to prevent Plaintiffs from "gaining a foothold in the market" because Defendants "feared it would take away their control of the market." ECF No. 1 at 6. Plaintiffs' claims centered on violations of the Sherman Antitrust Act, the Clayton Act, and the Texas Free Enterprise and Antitrust Act of 1983, among others. *Id.* at 39–44. Plaintiffs argue Defendants' "cheer cartel" colluded to enact group boycotts and other collusive activity to prevent Plaintiffs from competing against them for All Star cheer competitions. *Id.* at 6, 6–9.

1

The discovery process for this case has been fraught. The parties had a Rule 26(f) conference on January 3, 2024. ECF No. 71 at 8. But they failed to fulfill their duty to "submit[] to the court *within 14 days after the conference* a written report outlining the [proposed discovery] plan." FED. R. CIV. P. 26(f)(2) (emphasis added). This failure prevented the opening of discovery. *See Escareno ex rel. A.E. v. Lundbeck, LLC*, No. 3:14-CV-257, 2014 WL 1976867, at *3 (N.D. Tex. May 15, 2014) (explaining "the requirements that the parties hold the Rule 26(f) conference and submit the required report to the Court before any discovery requests can be served"); *see also Thompson v. Fred's Stores of Tenn., Inc.*, No. 3:15-CV-102, 2015 WL 5655948, at *2 (S.D. Miss. Sept. 24, 2015) (discovery not appropriate when "nothing ha[d] been submitted to show that the parties had conferred and developed a discovery plan"). On June 18, 2024, the Court ordered the parties to submit a proposed scheduling and discovery order. ECF No. 54. Discovery opened in July 2024 once the parties submitted a proposed joint scheduling and discovery order. ECF No. 59. In that proposal, the parties agreed to a set of discovery deadlines that still govern the case and necessitate the expedited nature of this Order.

Plaintiffs served their first discovery requests on September 6, 2024. ECF No. 82 at 5. USASF responded seven days beyond its agreed deadline after Plaintiffs consented to an extension. ECF No. 63 at 3. USASF objected to many of Plaintiffs' requests. ECF No. 82 at 10. USASF claims it has "substantially" completed production of all documents it agreed to produce consistent with its responses and objections. *Id.* at 12.

LEGAL STANDARD

Federal Rule of Civil Procedure Rule 26(b)(1) explains that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The scope of discovery is broad. *Planned Parenthood Fed'n of Am., Inc.*,

2

No. 2:21-CV-022, 2022 WL 19010334, at *2 (N.D. Tex. Aug. 25, 2022). Thus, Rule 26's only limitations are that discovery requests need to be "(1) relevant to a claim or defense in the case; and (2) proportional to the needs of the case." *Id.* The threshold for relevance at this point in a case is distinctly lower than the threshold of relevance for admissibility. *See Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted). At this stage, relevance is construed broadly enough to include any "matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id.* (internal quotation omitted).

Thus, discovery should be allowed unless "the information sought can have no possible bearing on the claim or defense of a party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005). A party may resist a discovery request by showing that it is "overly broad, unduly burdensome, or oppressive." *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014). The party resisting disclosure has the burden to "establish the lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance . . . or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.* at 470–71.

If a party fails to produce documents or answer an interrogatory under Federal Rules of Civil Procedure 33 and 34, then Rule 37(a)(3)(B) allows the other party to "move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). The party resisting the compulsion "must show specifically how each discovery request is not relevant or otherwise objectionable." *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 434 (N.D. Tex. 2016) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose,

answer, or respond." FED. R. CIV. P. 37(a)(4). Similarly, "[s]erving unsupported and boilerplate or stock objections does not preserve or accomplish anything other than waiver and subjecting the responding party to sanctions." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 582 (N.D. Tex. 2018).

But the court protects a resisting party if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i). Even though discovery is broad, and a resisting party bears the burden of proof to avoid court compulsion, Rule 26(b) "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) (citing *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly.")).

### ANALYSIS

Discovery in antitrust litigation "can be expensive" because it has an "extensive scope." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 559 (2007) (citing MANUAL FOR COMPLEX LITIGATION, FOURTH, § 30, p. 519 (2004)); *see also Am. Tel. & Tel. Co. v. Delta Comm'ns Corp.*, 408 F. Supp. 1075, 1111 (S.D. Miss. 1976) (antitrust litigation can involve a "paper mountain of discovery"). There is a reason for this. Where "allegations of conspiracy or monopolization are involved . . . broad discovery may be needed to uncover evidence of invidious design, pattern or intent." *Cyntegra, Inc. v. IDEXX Lab'ys, Inc.*, No. CV 06-4170, 2007 WL 9701999, at *4 (C.D. Cal. June 29, 2007) (internal quotation omitted). Without broad discovery, "direct evidence of an anticompetitive conspiracy is often difficult to obtain." *In re Urethane Antitrust Litig.*, 261 F.R.D. 570, 573 (D. Kan. 2009).

Thus, courts tend to "liberally construe[]" the discovery rules in "antitrust cases." *F.T.C. v. Lukens Steel Co.*, 444 F. Supp. 803, 805 (D.D.C. 1977). Consequently, the "burden or cost of providing the information sought is less weighty a consideration than in other cases." *New Park Ent., LLC v. Elec. Factory Concerts, Inc.*, No. Civ.A. 98-775, 2000 WL 62315, at *3 (E.D. Pa. Jan. 13, 2000) (quoting *United States v. Int'l Bus. Mach. Corp.*, 66 F.R.D. 186, 189 (S.D.N.Y. 1974)); *see also Freedom Med., Inc. v. Premier Purchasing Partners, L.P.*, No. 5:09-CV-152, 2011 WL 13196168, at *2 (E.D. Tex. Apr. 29, 2011) ("Discovery in antitrust cases must also be informed by the principle that discovery inconvenience may be outweighed by the public interest in seeking the truth in every litigated case.").

**I. Requests for Production 49 and 53**

Plaintiffs' requests 49 and 53 request contracts or documents between USASF and the other Defendants and USA Cheer. ECF No. 71-1 at 16. Request 49 requests contracts and documents about USASF sharing revenues and expenses with other Defendants and USA Cheer. *Id.* Request 53 requests every other contract between USASF and all other Defendants. *Id.* USASF objected to Requests 49 and 53 for being irrelevant, unduly burdensome, and not proportional. ECF No. 71-2 at 51–55. Plaintiffs proposed limits to the requests. ECF No. 71 at 25; 71-12 at 3–4.

As curtailed by Plaintiffs' proposed limitations, Plaintiffs' Motion is **GRANTED** as to Request 49. Plaintiffs' Motion is **DENIED** as to Request 53. Request 49, as limited by Plaintiffs' proposed limitation, is relevant to claims at issue. Executed contracts with amendments and other documents between USASF, other Defendants, and USA Cheer related to shared revenues or expenses are relevant to allegations of anticompetitive activity between Defendants. These contracts and documents will help evidence if Defendants coordinate anticompetitive activity

between themselves and if they all experience benefit and burden related to their alleged coordinated, anticompetitive activity.

USASF argues that because USA Cheer is no longer a defendant, it should not be compelled to produce contracts between it and USA Cheer. ECF No. 82 at 22–23. But Plaintiffs, though dismissing USA Cheer as a defendant, still allege that Varsity uses cheer governing bodies, like USA Cheer and USASF, to aid its anticompetitive activity. ECF Nos. 83 at 10, 1 at 24–25. Specifically, Plaintiffs allege Varsity's own founder admitted as much to former employees. *See* ECF No. 1 at 24. Because Plaintiffs allege USA Cheer is one tool of Varsity in its anticompetitive scheme, executed agreements between USASF, Varsity, and USA Cheer are relevant to determining whether Varsity may have harnessed USASF's and USA Cheer's influence to aid anticompetitive activity, regardless of whether USA Cheer remains a defendant.

As limited, the production of executed contracts and documents relating to revenue and expense sharing are not unduly burdensome nor out of proportion to expansive antitrust discovery. USASF fails to explain how these requests would be unduly burdensome and thus its objections on those grounds amount to boilerplate. *See Lopez*, 327 F.R.D. at 582; *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A mere statement by a party that a request is overly broad and unduly burdensome is not adequate to voice a successful objection." (internal quotes omitted)). Request 53 is denied because it would surely encompass contracts or documents beyond the scope of the claims and is thus not proportional to the case.

USASF is thus **ORDERED** to produce executed contracts and documents, including amendments, responsive to Request 49 in its possession, custody, or control as curtailed by Plaintiffs' proposed limitations. ECF No. 71-12 at 3.

## II. Request for Production 66

Plaintiffs request financial statements related to all star cheer and dance competitions. ECF No. 71-1 at 19. USASF objected to the Request for being overly broad, unduly burdensome, and not proportional to the case's needs. ECF No. 71-2 at 66. USASF utterly failed to explain its boilerplate "unduly burdensome" and "overly broad" objections. And it claimed the Request was irrelevant at least in part because it did not directly relate to the 2022–2023 USASF Member Agreement. But of course, Plaintiffs are alleging Defendants' anticompetitive conduct encompasses more than just one specific agreement. *See generally* ECF No. 1. Plaintiffs again limited the scope of the request. ECF No. 71-12 at 5.

USASF offered to produce "income statements for 2020-2023 sufficient to show revenue derived from All Star cheer and dance competitions." ECF No. 82 at 20. Plaintiffs' expert said this will not suffice. ECF No. 71 at 24. As limited by both Plaintiffs and USASF, the request is relevant and proportional. Plaintiffs' Motion is **GRANTED** for Request 66 as curtailed by Plaintiffs' proposed limitation and USASF's counterproposal. USASF is **ORDERED** to produce documents responsive to Request 66, to the extent it has not already done so, as limited by Plaintiffs and USASF, in USASF's possession, custody, or control.

## III. Requests for Production 74–77

Plaintiffs' Requests for Production 74, 75, 76, and 77 request expert reports and the documents they relied upon and deposition transcripts from previous antitrust litigation against USASF. ECF No. 71-1 at 20–21. USASF objected to the Requests claiming they were irrelevant, unduly burdensome, overly broad, and protected by a Protective Order in the previous litigation. ECF No. 71-2 at 70–74. And for Requests 76 and 77, USASF could not reasonably locate pincites for a document filed in a case in which it was a defendant. ECF No. 71-2 at 72–74. Plaintiffs

proposed limitations to all the Requests after USASF's objections. ECF No. 71-12 at 6–9. As to Requests 76 and 77, Plaintiffs attempted to clarify what documents it sought to ameliorate USASF's confusion. *See* ECF No. 71-2 at 72–74.

Plaintiffs' Motion is **GRANTED** as to Requests 74–77 as limited by Plaintiffs. Courts will order discovery that was produced in previous cases involving a party if that previous case "is essentially identical." *In re Exactech Polyethylene Orthopedic Prod. Liab. Litig.*, No. 22-MD-3044, 2024 WL 4381076, at *6 (E.D.N.Y. Oct. 3, 2024). The previous case need not be exactly identical. *See Roman v. City of Chi.*, No. 20-C-1717, 2023 WL 121765, at *8 (N.D. Ill. Jan. 6, 2023) ("Consistent with the principle of permitting full transparency and disclosure in discovery . . . courts have allowed a party to obtain . . . prior expert reports for *similar* cases . . . .") (emphasis added); *see also Expeditors Int'l of Wash., Inc. v. Vastera, Inc.*, No. 04-C-0321, 2004 WL 406999, at *2 (N.D. Ill. Feb. 26, 2004) (holding bounds of permissible discovery encompassed transcript copies from an expert's deposition and previous expert reports).

One of USASF's authorities significantly aids Plaintiffs' position. In *In re Exactech*, the court held "discovery from another case" can be compelled if the request was "narrowly tailored." 2024 WL 4381076, at *6. It only prohibited discovery from previous cases if a party sought "'all' documents produced in another litigation." *Id.* (quoting *United States v. Anthem, Inc.*, No. 20-CV-2593, 2024 WL 1116276, at *4 (S.D.N.Y. Mar. 13, 2024)). And in *In re Exactech*, the court found that a previous case that was also related to products liability was sufficiently similar to allow its discovery to be produced if the request were narrow enough. *Id.* at *7. Discovery from a previous case was irrelevant because it concerned an entirely different topic. *Id.* (denying the production because "FCA or AKS claims are not similar enough or identical to the products liability case at issue here"). It ultimately denied the motion to compel because the party's request was too broad.

*Id.* ("Plaintiffs' request does not specify exact discovery responses, depositions, or expert reports . . . ."). But had the party requested "exact discovery responses, depositions, or expert reports," nothing apparent would have barred the court from ordering production. *Id.*

Here, Plaintiffs' Requests are relevant and sufficiently narrow. They requested reports from three experts in one previous case, those experts' deposition transcripts, and the documents that the experts specifically cited in their expert reports. That list far from requests "all" discovery in the previous case and is not tantamount to clone or copycat discovery. Nor do the Requests vaguely demand *all* "documents and things that have been produced" as the request in *In re Exactech* did. *Id.* The Requests simply identify three experts, their depositions, and the documents they relied upon. And the Requests seek relevant information. *Jones v. Varsity Brands, LLC* concerned "antitrust claims" alleging that Varsity and USASF "conspired to and did in fact form a monopoly over the cheerleading industry." No. 2:20-CV-02892, 2021 WL 5889984, at *1 (W.D. Tenn. Dec. 13, 2021). Plaintiffs bring near-identical claims here. So of course, the expert reports in *Jones v. Varsity Brands*, two of which conclude "Varsity and USASF 'acted in concert to harm competition'" are relevant. ECF No. 83 at 4 (quoting *Jones v. Varsity Brands, LLC*, No. 2:20-CV-02892, 2024 WL 844952, at *9 (W.D. Tenn. Feb. 28, 2024)); *see also U.S. Football League v. Nat'l Football League*, 842 F.2d 1335, 1371 (2d Cir. 1988). Plaintiffs proposed limiting the Requests to allow redaction of any parts of the reports and documents that do not relate to the "cheer competition market, market power in cheer competition market" and other on-point questions. ECF No. 71-12 at 6.

Accordingly, the Court **ORDERS** USASF to produce all documents in its possession, custody, or control that are responsive to Requests 74, 75, 76, and 77 as limited by Plaintiffs' proposed limitations.

### IV. Requests for Production 78 and 79

Plaintiffs' Requests 78 and 79 request all documents USASF produced in three previous cases and all deposition transcripts of USASF, its employees, and its corporate representatives in the three previous cases. ECF No. 71-1 at 21. USASF objected to the Requests arguing that they sought irrelevant information, were disproportionate, and were unduly burdensome and overly broad. ECF No. 71-2 at 74–76. Plaintiffs proposed limitations to the Requests, permitting no production or allowing redaction for the documents or portions that only concerned the cheer apparel market and cheer camp market. ECF No. 71-12 at 9–10.

Plaintiffs' Motion is **DENIED** as to Requests 78 and 79. For Request 78, as explained, requests that flatly demand "'all' documents produced in another litigation, so-called 'clone' o[r] 'copycat' discovery, are inherently overbroad requests requiring the Court [limit] . . . or deny [the request] entirely on the ground that a party must do its own work." *United States v. Anthem, Inc.*, No. 20-CV-2593, 2024 WL 1116276, at *4 (S.D.N.Y. Mar. 13, 2024); *see also TravelPass Grp., LLC v. Caesars Enter. Corp.*, No. 5:18-CV-153, 2020 WL 698538, at *6 (E.D. Tex. Jan. 16, 2020) ("[C]loned discovery, requesting all documents produced or received during other litigation or investigations, is irrelevant and immaterial . . . .") (quoting *King Cnty. v. Merrill Lynch & Co., Inc.*, No. C10-1156, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011)); *Forth v. Walgreen Co.*, No. 17-C-2246, 2019 WL 10255628, at *4 (N.D. Ill. July 20, 2019); *Midwest Gas Servs., Inc. v. Ind. Gas. Co.*, No. IP99-0690, 2000 WL 760700, at *1 (S.D. Ind. Mar. 7, 2000).

Plaintiffs did exactly that here. And not only for one previous case but for three previous cases. Of course, such a request will constitute an undue burden on USASF but will also sweep in a wide swath of irrelevant documents. Plaintiffs cannot simply duplicate production from previous cases, even when those cases concern similar or identical claims and issues. Plaintiffs have "failed

to demonstrate that *all* documents produced in the [prior cases] are relevant." *Forth*, 2019 WL 10255628, at *6; ECF No. 70 at 12 ("Plaintiffs agree some documents [from other litigation] may be irrelevant . . . ."). Instead, as in Requests 74–77, Plaintiffs may only specifically request production from previous cases if those requests are narrow and tailored to production of arguably relevant information. Request 78 may have produced relevant information. But Plaintiffs did not tailor it to do so.

Request 79 is denied for similar reasons. Discovery from previous cases is discoverable if "the fact that particular documents were produced or received by a party is relevant to the subject matter of the instant case" or if "the content of documents" has relevant information and a party "describ[es] the information in which they are interested." *Midwest Gas Servs.*, 2000 WL 760700, at *1. Plaintiffs do not argue that the fact the depositions of USASF, its employees, and its corporate representatives were taken is relevant here. But, unlike in Requests 74–77, Plaintiffs also do not sufficiently describe why the specific content of all these depositions from three previous cases are relevant here. Nor do Plaintiffs "describe[e] the information in which they are interested." *Id.*; *see also Insignia Sys., Inc. v. News Corp.*, No. 19-1820, 2020 WL 12570807, at *1 (D. Minn. Mar. 24, 2020) (denying production from a previous case when "Plaintiff [did] not show[] that all of the 11 million-plus clone documents are relevant and proportional to the needs of the case"). To acquire discovery produced in related prior cases, a party "must make proper requests describing the information in which they are interested." *Midwest Gas Servs.*, 2000 WL 760700, at *1. Even when the litigation may be expedited by duplicative discovery. *See In re: Volkswagen "Clean Diesel" Mktg., Sales Pracs., and Prods. Liab. Litig.*, No. 2672-CRB, 2017 WL 4680242, at *1 (N.D. Cal. Oct. 18, 2017). But Plaintiffs' Request 79 blanket requests *all* depositions from USASF, its representatives, and employees that were taken in three past cases. These past cases do relate

to the instant case, but Plaintiffs do not sufficiently and specifically describe why these past depositions are relevant and proportional here.

### V. Request for Production 87, 99, and 100

Plaintiffs' Requests 87, 99, and 100 seek judgment-sharing agreements, attorney billing records, and attorney engagement agreements. ECF No. 71-1 at 22–24. USASF has since claimed it will not seek attorney's fees as of right should it prevail in the litigation. ECF No. 82 at 23. And for Request 87, USASF "is not aware of any document response to this Request" so "there is no outstanding dispute regarding this Request." *Id.* Accordingly, "Plaintiffs agreed that there is no outstanding dispute regarding these Requests." *Id.* Plaintiffs' Motion is **DENIED AS MOOT** as to Requests 87, 99, and 100.

### VI. Attorney's Fees

Federal Rule of Civil Procedure 37(a)(5)(A), (C) requires a court to require the party whose conduct necessitated the motion to compel the payment of the movant's reasonable expenses incurred in making the motion. However, the court may not order such payment if the movant did not engage in good faith to obtain the discovery prior to filling the motion to compel, the resisting party's nondisclosure or objections were substantially justified, or other circumstances make the award unjust. FED. R. CIV. P. 37(a)(5)(A)(i)–(iii). If the motion to compel is granted in part and denied in part, then the court may apportion the reasonable expenses. FED. R. CIV. P. 37(a)(5)(C).

Accordingly, because the Court granted the Motion in part and denied in part, the Court grants USASF an "opportunity to be heard" and **ORDERS** USASF to brief why the court should not "apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C). USASF's brief may not exceed five pages and must be filed **on or before December 13, 2024, at 11:59 PM CST.**

CONCLUSION

The Plaintiffs' Motion is **GRANTED IN PART AND DENIED IN PART**. The Court **ORDERS** USASF to produce all discovery consistent with this Order within seven days of the date of this Order.

**SO ORDERED.**

December 9, 2024

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE