IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| OPEN CHEER & DANCE CHAMPIONSHIP SERIES, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VARSITY SPIRIT, LLC, *et al.*, <br><br> Defendants. | 2:23-CV-155-Z |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Compel Production of Documents and Communications from Plaintiffs ("Motion") (ECF No. 118), filed January 6, 2025. Plaintiffs responded on January 24, 2025. ECF No. 119. Defendants replied on February 7, 2025. ECF No. 120. Having considered the Motion, briefing, and relevant law, the Court **GRANTS** the Motion **IN PART**.

### BACKGROUND

The Court will not squander time to recount the full discovery quarrels that have led to this Motion enshrined in a long list of counsel correspondence. *See* ECF Nos. 118-8, 118-9, 118-10, 118-11, 118-12, 118-13, 118-14, 118-15, 118-16, 118-17, 118-18. A brief description of the nature of the suit will suffice for this Order.

Plaintiffs sued Defendants alleging anticompetitive activity against Plaintiffs intended to prevent Plaintiffs from "gaining a foothold in the market" because Defendants "feared it would take away their control of the market." ECF No. 1 at 6. Plaintiffs' claims centered on violations of the Sherman Antitrust Act, the Clayton Act, and the Texas Free Enterprise and Antitrust Act of 1983, among others. *Id.* at 39–44. Plaintiffs argue Defendants' "cheer cartel" colluded to enact

1

group boycotts and other collusive activity to prevent Plaintiffs from competing against them for All Star cheer competitions. *Id.* at 6, 6–9.

## LEGAL STANDARD

Federal Rule of Civil Procedure Rule 26(b)(1) explains that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The scope of discovery is broad. *Planned Parenthood Fed'n of Am., Inc.*, No. 2:21-CV-022, 2022 WL 19010334, at *2 (N.D. Tex. Aug. 25, 2022). Thus, Rule 26's only limitations are that discovery requests need to be "(1) relevant to a claim or defense in the case; and (2) proportional to the needs of the case." *Id.* At this point in a case, the threshold for relevance is distinctly lower than the threshold for admissibility. *See Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted). At this stage, relevance is construed broadly enough to include any "matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id.* (internal quotation omitted).

Thus, discovery should be allowed unless "the information sought can have no possible bearing on the claim or defense of a party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005). A party may resist a discovery request by showing that it is "overly broad, unduly burdensome, or oppressive." *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014). The party resisting disclosure has the burden to "establish the lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance . . . or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.* at 470–71.

If a party fails to produce documents or answer an interrogatory under Federal Rules of Civil Procedure 33 and 34, then Rule 37(a)(3)(B) allows the other party to "move for an order

compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). The party resisting the compulsion "must show specifically how each discovery request is not relevant or otherwise objectionable." *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 434 (N.D. Tex. 2016) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4). Similarly, "[s]erving unsupported and boilerplate or stock objections does not preserve or accomplish anything other than waiver and subjecting the responding party to sanctions." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 582 (N.D. Tex. 2018).

But the court protects a resisting party if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i). Even though discovery is broad, and a resisting party bears the burden of proof to avoid court compulsion, Rule 26(b) "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) (citing *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly.")).

ANALYSIS

Discovery in antitrust litigation "can be expensive" because it has an "extensive scope." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 559 (2007) (citing MANUAL FOR COMPLEX LITIGATION, FOURTH, § 30, p. 519 (2004)); *see also Am. Tel. & Tel. Co. v. Delta Comm'ns Corp.*, 408 F. Supp. 1075, 1111 (S.D. Miss. 1976) (antitrust litigation can involve a "paper mountain of discovery"). There is a reason for this. Where "allegations of conspiracy or monopolization are involved . . . broad discovery may be needed to uncover evidence of invidious design, pattern or

intent." *Cyntegra, Inc. v. IDEXX Lab'ys, Inc.*, No. CV 06-4170, 2007 WL 9701999, at *4 (C.D. Cal. June 29, 2007) (internal quotation omitted). Without broad discovery, "direct evidence of an anticompetitive conspiracy is often difficult to obtain." *In re Urethane Antitrust Litig.*, 261 F.R.D. 570, 573 (D. Kan. 2009). In the same way, broad discovery for a defendant is necessary to defend against conspiracy or monopolization allegations and damages.

Thus, courts tend to "liberally construe[]" the discovery rules in "antitrust cases." *F.T.C. v. Lukens Steel Co.*, 444 F. Supp. 803, 805 (D.D.C. 1977). Consequently, the "burden or cost of providing the information sought is less weighty a consideration than in other cases." *New Park Ent., LLC v. Elec. Factory Concerts, Inc.*, No. Civ.A. 98-775, 2000 WL 62315, at *3 (E.D. Pa. Jan. 13, 2000) (quoting *United States v. Int'l Bus. Mach. Corp.*, 66 F.R.D. 186, 189 (S.D.N.Y. 1974)); *see also Freedom Med., Inc. v. Premier Purchasing Partners, L.P.*, No. 5:09-CV-152, 2011 WL 13196168, at *2 (E.D. Tex. Apr. 29, 2011) ("Discovery in antitrust cases must also be informed by the principle that discovery inconvenience may be outweighed by the public interest in seeking the truth in every litigated case.").

**I. Request for Production 9(d)**

Defendants' Request 9(d) to Plaintiffs Open Cheer and Open Series requests "[a]ll documents concerning efforts to have teams or gyms attend the Allstar World Championship." ECF Nos. 118-2 at 8, 118-3 at 8. Plaintiffs objected to this Request because it lacked particularity, the phrase "documents concerning efforts" was vague, it was unduly broad and burdensome, and it sought irrelevant information. ECF Nos. 118-5 at 14–15, 118-6 at 14–15. Because of their objections, Plaintiffs refused to search for responsive documents. ECF Nos. 118-5 at 15, 118-6 at 15.

Defendants argue that this Request is relevant because it "relates to the causal link between the alleged group boycott and Plaintiffs' alleged damages." ECF No. 118 at 10. They claim that to prevail in an antitrust claim, a "plaintiff must show the defendants' wrongful actions materially contributed to an injury to the plaintiff's business, and must provide some indication of the amount of damage done." *H&B Equip. Co., Inc. v. Int'l Harvester Co.*, 577 F.2d 239, 246 (5th Cir. 1978). To defend against that, then, Defendants argue they need documents about Plaintiffs' efforts to have teams or gyms attend the Allstar World Championship.

The Request is relevant. As discussed, antitrust litigation is extensive. And so, conversely, discovery to defend against antirust allegations must also be extensive. If Plaintiffs did little to encourage gyms and teams to attend or failed to properly market their event, then Defendants may use that to help show they did not cause, in whole or in part, the harms and damages Plaintiffs allege. Issues of causation and defending against causation go to the heart of the Plaintiffs' claims against Defendants. If Plaintiffs' losses allegedly attributable to Defendants are instead attributable to other causes, Defendants are entitled to that discovery for their defense.

Plaintiffs claim the Request as fashioned is unduly burdensome and broad. ECF No. 119 at 2. They argue that it would require they produce "an undefined and limitless universe of documents" that "effectively encompass[] every aspect of the Open's operations, communications, and planning." *Id.* Plaintiffs specifically object to two different problems. First, the Request demands "all documents." Second, the Request uses the vague, omnibus term "concerning." They argue that because their central purpose is "encouraging attendance at the ASWC," the Request would require producing "virtually every document it generates in the ordinary course of business." *Id.*

As fashioned, though geared toward producing relevant information, the Request is overly broad. The Court has an independent duty to protect against overly broad discovery requests no matter the quality of the resisting party's objections. *RealPage, Inc. v. Enter. Risk Control, LLC*, No. 4:16-CV-737, 2017 WL 1165688, at *5 (E.D. Tex. Mar. 29, 2017) ("[A] party will still not be compelled to produce documents if the request is overbroad or unduly burdensome on its face."); FED. R. CIV. P. 26(b)(1). Defendants are correct that in antitrust cases, the expense of discovery is a "less weighty" matter." ECF No. 120 at 6; *New Park Ent., LLC*, 2000 WL 62315, at *3. Thus, Plaintiffs' allegations that the Request would incur an additional $50,000 in discovery expense matters little. ECF No. 119-1 at 5; *see also Twombly*, 550 U.S. at 558 (reiterating the "expensive" nature of antitrust discovery).

Rather, the Request is overbroad because of its classically overbroad language. Both of Plaintiffs' objections to the Request's language are correct. Often, using "all documents" renders a Request's scope too broad. *See Phi Theta Kappa Honor Soc'y v. Honorsociety.org, Inc.*, No. 3:22-CV-208, 2024 WL 4527086, at *6 (S.D. Miss. Sept. 24, 2024) ("[A]sking for 'all documents' is problematic in scope."). Additionally, the term "concerning" is often overly broad or unduly burdensome. *See Sanchez Ritchie v. Energy*, No. 10-CV-151, 2015 WL 12914435, at *2 (S.D. Cal. Mar. 30, 2015) ("A document request or interrogatory is also overly broad or unduly burdensome on its face if it: (1) uses an omnibus term such as 'relating to' or 'concerning,' and (2) applies to a general category or group of documents or a broad range of information."). Defendants' Request is thus overly broad. It seeks all documents concerning efforts to have teams attend the ASWC. As Plaintiffs note, that would require producing virtually all documents they produce because that is the goal of their organizations.

However, because the Request seeks relevant information, Defendants are entitled to responsive documents produced from an appropriately narrowed request. The Request may not proceed as currently written. But because the Request is quite relevant, the Court **GRANTS** Defendants' Motion as to Request 9(b) as limited by the Court. *See McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235, 245 (N.D. Tex. 2016) (explaining a court has "broad discretion to control and, as appropriate, limit the scope and volume of discovery"). Plaintiffs must produce any communications between Plaintiffs and teams or gyms which had as their purpose the encouragement of those teams' or gyms' attendance at the Allstar World Championship. Plaintiffs must also produce any documents that had as their purpose the encouragement of teams or gyms to attend the Allstar World Championship.

Narrowing the Request to only documents or communications that had as their purpose encouraging attendance at the Allstar World Championship eliminates the vagueness and overbreadth concerns of "concerning" in the original Request. The Court remains aware the Request, as limited, will still probably produce a "paper mountain" and likely be expensive. *Am. Tel.*, 408 F. Supp. at 1111. But it is likely to produce relevant information and, as noted, antitrust discovery is broad while cost concerns are "less weighty." *New Park Ent.*, 2000 WL 62315, at *3 (quoting *Int'l Bus. Mach. Corp.*, 66 F.R.D. at 189).

Defendants correctly argue that it is not their duty to produce search terms. ECF No. 120 at 6; ECF No. 119 at 3. Yet, they should always work in good faith with Plaintiffs to limit overbroad and vague requests. Defendants argue that "Plaintiffs know exactly what information Defendants are seeking and are in the best position to conduct a reasonable and tailored search." ECF No. 120 at 7. The Court agrees. Plaintiffs are directed to use "search terms or key words likely

to generate responsive documents" that appropriately respond to the limited Request unless the parties can agree otherwise. *Phi Theta Kappa*, 2024 WL 4527086, at *6.

The Court **ORDERS** Plaintiffs to produce all documents or communications in its possession, custody, or control that are responsive to Request 9(b) as limited by the Court **within fourteen days of the date of this Order.**

## II. Request for Production 38 to Open Cheer and Open Series and 30 to Deep South

Defendants' Request 38 to Plaintiffs Open Cheer and Open Series and Request 30 to Plaintiff Deep South request "[a]ll documents concerning any problems or difficulties that Your efforts to compete in the 'All Star Competition Market' that is referenced in the Complaint, whether related to Defendants in whole or in part, or not." ECF Nos. 118-2 at 13, 118-3 at 13, 118-4 at 12. Plaintiffs objected to these Requests because they were "vague, unclear, and nonsensical." ECF Nos. 118-5 at 29, 118-6 at 28–29, 118-7 at 24. Specifically, Plaintiffs did not understand what the phrase "documents concerning any problems or difficulties that Your efforts to compete in" meant. *Id.* After meeting and conferring, the parties agreed the language was unclear. Defendants revised the Requests to ask for "[all] documents concerning any problems or difficulties that You experienced in relation to Your efforts to compete in the 'All Star Competition Market' that is referenced in the Complaint, whether related to Defendants in whole or in part, or not." ECF Nos. 118-8 at 7, 119 at 4.

In their briefing, Plaintiffs further objected to the revised Requests. They claim they remain vague, would require producing all their business documents, are overly broad, and lack specificity. ECF No. 119 at 4–7. They also claim they would "sweep in vast quantities of irrelevant material" because they are not "limited to any 'problem' or 'difficulty' caused by Defendants' antitrust violation." ECF No. 119 at 5. Defendants counter that that is exactly the point: "the

Request[s] [are] designed to uncover whether there are also *other* factors preventing Plaintiffs from competing or causing Plaintiffs difficulty in the All Star competition market." ECF No. 120 at 8.

The Requests are relevant for that reason. Antitrust litigation and discovery are extensive. So, discovery to defend against antitrust allegations is also extensive. If Plaintiffs encountered other substantial problems competing, then Defendants may use that discovery to defend against Plaintiffs' allegations that Defendants are the cause of the competitive challenges. Issues of causation and defending against causation go to the heart of the Plaintiffs' claims against Defendants. If the anticompetitive activity is instead assignable to other, non-Defendant causes, then Defendants are entitled to that discovery for their defense.

However, again, the Requests also have overbroad elements. *See In re Priceline.com Inc. Sec. Litig.*, 233 F.R.D. 83, 88 (D. Conn. 2005) (requests seeking "in detail any and all problems experienced" were overly broad and unduly burdensome because they would require the producing party to "describe even minor . . . problems"). Request language like "concerning" and "related to" can be overbroad unless what follows it is "clearly and narrowly defined." *Topsoe, Inc.*, 2025 WL 227344, at *4 (quotation omitted). Here, it is not. The Requests ask for all documents concerning any problems or difficulties that Plaintiffs experienced in relation to their efforts to compete. As Plaintiffs note, that could encompass "[e]very single decision, operational adjustment, or resource allocation" to include such documents as "an internal memo about a problem with a secretary or a routine office email about the price of paper increasing." ECF No. 119 at 5.

But again, the Requests seek highly relevant information. Accordingly, the Court limits the Requests. Plaintiffs must produce any document or communication that records difficulties competing in the All Star Competition Market, whether related to Defendants in whole or in part, or not. Again, the Requests are still broad and will likely incur costs on Plaintiffs. Those concerns

alone are insufficient. The Requests are narrowed as written because they no longer ask for documents that could have *anything* to do with *any* problem or difficulty Plaintiffs' faced that could be *related* to in any way their competition efforts. Now, the Requests as limited only seek the production of documents directly about competition problems—not any problem related to or concerning any competition efforts. Accordingly, the Court **GRANTS** Requests 38 and 30 as limited by the Court and clarified by Defendants.

Again, Defendants correctly argue that it is not their duty to produce search terms. ECF No. 120 at 9; ECF No. 119 at 6. Yet, they should always work in good faith with Plaintiffs to limit overbroad and vague requests. Defendants argue that "Plaintiffs ... know *exactly* the type of challenges they have faced and can craft appropriate search terms to capture responsive documents." ECF No. 120 at 9. The Court agrees. Plaintiffs are directed to use "search terms or key words likely to generate responsive documents" that appropriately respond to the limited Request unless the parties can agree otherwise. *Phi Theta Kappa*, 2024 WL 4527086, at *6.

The Court **ORDERS** Plaintiffs to produce all documents or communications in its possession, custody, or control that are responsive to Requests 38 and 30 as limited by the Court **within fourteen days of the date of this Order**.

### III. Attorney's Fees

Federal Rule of Civil Procedure 37(a)(5)(A), (C) requires a court to order a party whose conduct necessitated the motion to compel to pay the movant's reasonable expenses incurred in making the motion. However, the court may not order such payment if the movant did not engage in good faith to obtain the discovery prior to filling the motion to compel, the resisting party's nondisclosure or objections were substantially justified, or other circumstances make the award unjust. FED. R. CIV. P. 37(a)(5)(A)(i)–(iii). If the motion to compel is granted in part and denied in

part, then the court may apportion the reasonable expenses. FED. R. CIV. P. 37(a)(5)(C). Accordingly, because Plaintiffs' objections were substantially justified, the Court declines to award attorney's fees.

**CONCLUSION**

The Plaintiffs' Motion is **GRANTED IN PART AND DENIED IN PART**. The Court **ORDERS** Plaintiffs to produce all discovery consistent with this Order **within fourteen days of the date of this Order**.

**SO ORDERED.**

February 24, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE