IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| OPEN CHEER & DANCE CHAMPIONSHIP SERIES, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VARSITY SPIRIT, LLC, *et al.*, <br><br> Defendants. | 2:23-CV-155-Z |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Compel Responses to Interrogatories and for Other Relief ("Motion") (ECF No. 125), filed March 28, 2025. Plaintiffs responded on April 18, 2025. ECF No. 128. Defendants replied on May 2, 2025. ECF No. 130. The Motion is now ripe. Having considered the Motion, briefing, and relevant law, the Court **GRANTS** the Motion.

BACKGROUND

Plaintiffs sued Defendants, alleging anticompetitive activity against Plaintiffs intended to prevent Plaintiffs from "gaining a foothold in the market" because Defendants "feared it would take away their control of the market." ECF No. 1 at 6. Plaintiffs' claims centered on violations of the Sherman Antitrust Act, the Clayton Act, and the Texas Free Enterprise and Antitrust Act of 1983, among others. *Id.* at 39–44. Plaintiffs argue Defendants' "cheer cartel" colluded to enact group boycotts and other collusive activity to prevent Plaintiffs from competing against them for All Star cheer competitions. *Id.* at 6, 6–9.

LEGAL STANDARD

Federal Rule of Civil Procedure Rule 26(b)(1) explains that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense

1

and proportional to the needs of the case." The scope of discovery is broad. *Planned Parenthood Fed'n of Am., Inc.*, No. 2:21-CV-022, 2022 WL 19010334, at \*2 (N.D. Tex. Aug. 25, 2022). Thus, Rule 26's only limitations are that discovery requests need to be "(1) relevant to a claim or defense in the case; and (2) proportional to the needs of the case." *Id.* At this point in a case, the threshold for relevance is distinctly lower than the threshold for admissibility. *See Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted). At this stage, relevance is construed broadly enough to include any "matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id.* (internal quotation omitted).

Thus, discovery should be allowed unless "the information sought can have no possible bearing on the claim or defense of a party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005). A party may resist a discovery request by showing that it is "overly broad, unduly burdensome, or oppressive." *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014). The party resisting disclosure has the burden to "establish the lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance . . . or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.* at 470–71.

If a party fails to produce documents or answer an interrogatory under Federal Rules of Civil Procedure 33 and 34, then Rule 37(a)(3)(B) allows the other party to "move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). The party resisting the compulsion "must show specifically how each discovery request is not relevant or otherwise objectionable." *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 434 (N.D. Tex. 2016) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). An "evasive or incomplete disclosure, answer, or response must

be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4). Similarly, "[s]erving unsupported and boilerplate or stock objections does not preserve or accomplish anything other than waiver and subjecting the responding party to sanctions." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 582 (N.D. Tex. 2018).

But the court protects a resisting party if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i). Even though discovery is broad, and a resisting party bears the burden of proof to avoid court compulsion, Rule 26 "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) (citing *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly.")).

ANALYSIS

Discovery in antitrust litigation "can be expensive" because it has an "extensive scope." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 559 (2007) (citing MANUAL FOR COMPLEX LITIGATION, FOURTH, § 30, p. 519 (2004)); *see also Am. Tel. & Tel. Co. v. Delta Comm'ns Corp.*, 408 F. Supp. 1075, 1111 (S.D. Miss. 1976) (antitrust litigation can involve a "paper mountain of discovery"). There is a reason for this. Where "allegations of conspiracy or monopolization are involved . . . broad discovery may be needed to uncover evidence of invidious design, pattern or intent." *Cyntegra, Inc. v. IDEXX Lab'ys, Inc.*, No. CV 06-4170, 2007 WL 9701999, at *4 (C.D. Cal. June 29, 2007) (internal quotation omitted). Without broad discovery, "direct evidence of an anticompetitive conspiracy is often difficult to obtain." *In re Urethane Antitrust Litig.*, 261 F.R.D. 570, 573 (D. Kan. 2009). In the same way, broad

discovery for a defendant is necessary to defend against conspiracy or monopolization allegations and damages.

Thus, courts tend to "liberally construe[]" the discovery rules in "antitrust cases." *F.T.C. v. Lukens Steel Co.*, 444 F. Supp. 803, 805 (D.D.C. 1977). Consequently, the "burden or cost of providing the information sought is less weighty a consideration than in other cases." *New Park Ent., LLC v. Elec. Factory Concerts, Inc.*, No. Civ.A. 98-775, 2000 WL 62315, at *3 (E.D. Pa. Jan. 13, 2000) (quoting *United States v. Int'l Bus. Mach. Corp.*, 66 F.R.D. 186, 189 (S.D.N.Y. 1974)); *see also Freedom Med., Inc. v. Premier Purchasing Partners, L.P.*, No. 5:09-CV-152, 2011 WL 13196168, at *2 (E.D. Tex. Apr. 29, 2011) ("Discovery in antitrust cases must also be informed by the principle that discovery inconvenience may be outweighed by the public interest in seeking the truth in every litigated case.").

## I. Interrogatory 4

Defendants seek an answer to Interrogatory 4 from plaintiff Deep South. *See* ECF No. 130 at 6 (explaining that Defendants and the other plaintiffs were able to resolve their disagreements but that Deep South "continues to refuse to produce the information requested in Interrogatory 4"). Why the parties subjected themselves to filing a motion to compel for a litany of disagreements they resolved on their own befuddles the Court. The Court admonishes the parties to, in the utmost good faith, "confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). These conferrals should contemplate the extensive nature of antitrust discovery.

Interrogatory 4 from Defendants to Deep South seeks the following information:

> For each event organized, hosted, or conducted by You or on Your behalf, provide the revenue of each such event, the costs of each such event, the profit of each such event, the event's location (city and venue), the event's capacity (i.e., the number of teams that could have been accommodated at the event, stating any assumptions regarding such capacity), the divisions offered at the event (including by age range, level, and type of cheerleading/dance, i.e., All Star, Rec, Prep, etc.), the bids offered at the event (by type, i.e., fully paid,

4

partially paid, at large, and by identifying the event to which the bids pertained), the bids awarded at the event (by type, i.e., fully paid, partially paid, at large, and by identifying the event to which the bids pertained), the teams that attended the events (name and level), the registration fees for the event, the spectator fees for the event, any revenue You received from hotel, lodging or travel related to the event (with any associated costs), any revenue received from You merchandise sales at the event (with any associated costs), and the event's date or dates.

ECF No. 125-3 at 7. Deep South answered and objected to the Interrogatory. Deep South protested that Interrogatory 4 sought irrelevant information, was unduly burdensome, and was disproportionate to the case's needs. Specifically, Deep South claimed Interrogatory 4 was disproportionate because it sought "exhaustive information about every event organized, hosted or conducted by [Deep South]." ECF No. 125-6 at 7. And Deep South worried because Interrogatory 4 sought "exhaustive review of records spanning seven years, [the compilation of] data for potentially hundreds of entries, and [the creation of] new summaries or compilations." *Id.* Nevertheless, Deep South enumerated a list of Bates numbers "as responsive to" Interrogatory 4. *Id.* at 7–8. A party resisting an interrogatory must "affirmatively explain what portion of an interrogatory . . . is objectionable and why." *Heller*, 303 F.R.D. at 485.

The sought information is relevant. As a reminder, discovery information is only irrelevant if "the information sought can have *no possible bearing* on the claim or defense of a party." *Sec. Exch. Comm'n v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (emphasis added). And the burden falls on the party resisting discovery to establish irrelevance "by demonstrating that the requested discovery either does not come within the broad scope of relevance defined under Fed. R. Civ. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.* (quoting *Merrill*, 227 F.R.D. at 470).

Plaintiffs have not satisfied their burden. Antitrust litigation is extensive. Discovery to defend against antitrust allegations are also extensive—and Plaintiffs claim lost profits. To demonstrate damages, Plaintiffs must present evidence that Defendants' actions produced a loss of revenue and event participation that harmed Plaintiffs. But Defendants must have sufficient evidence to attempt to rebut such allegations. The information Interrogatory 4 seeks examines Deep South's events to help illuminate whether Defendants' actions caused the lost profits or other factors relating to the events. Those other factors can be extensive, as Interrogatory 4 demonstrates. Defendants explain how these different factors could potentially affect whether Defendants' actions caused the losses or other elements. *See* ECF No. 130 at 9–11. To mount a defense against whether Plaintiffs lost profits, Defendants must have a "potential benchmark" to compare. *Id.* at 10. And in a broad sense, issues of causation and defending against causation go to the heart of Plaintiffs' claims against Defendants. If any of the other factors surrounding the events could have caused the losses Plaintiffs allege, then Defendants must know those event factors. It is no answer that Plaintiffs' experts will "detail the alleged losses at issue and refer to the relevant financial records." ECF No. 128 at 10; *id.* at 14 ("Plaintiffs are providing an expert report detailing the damages incurred and the basis for such calculations."); *see also HIS, Inc. v. 48 States Transp., LLC*, No. 4:19-CV-352, 2020 WL 32333, at *3 (M.D. Penn. Jan. 2, 2020). Plaintiffs' attempt to put the burden back on Defendants to show relevance by noting they "have not shown how the names of teams that attended an Open event back in 2019 bear any relationship to the competitive conduct challenged in Plaintiffs' complaint." ECF No. 128 at 11. But it is up to Plaintiffs to prove that it is *not* relevant. *See Heller*, 303 F.R.D. at 470–71. Plaintiffs have not made "clear that the information sought can have *no possible bearing* on the claim or defense of a party."

6

*Brady*, 238 F.R.D. at 437 (emphasis added). Thus, the "request for discovery should be allowed." *Id.*

Plaintiffs' other objections are overruled. "A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Lopez*, 327 F.R.D. at 580. "General or boilerplate objections are invalid, and objections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections." *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 3:16-CV-2255, 2018 WL 3548866, at *3 (N.D. Tex. July 24, 2018) (internal quotation and alterations omitted). Deep South provides no affidavit or evidence that reveals the nature of the burden. *See* ECF No. 128-1 at 1 (affidavit of Jeb Harris, only testifying for plaintiffs Open Cheer & Dance Championship Series, LLC and The Open Cheer and Dance, LLC). Its "[f]ail[ure] to do so . . . ma[de] such an unsupported objection nothing more than unsustainable boilerplate." *Heller*, 303 F.R.D. at 490. Deep South's objections in its answer amount to vague boilerplate. It only objects that Interrogatory 4 would require Deep South to "conduct an exhaustive review of records spanning seven years, compile data for potentially hundreds of entries, and create new summaries or compilations." ECF No. 125-6 at 7. These are like the insufficient objections in *Merrill v. Waffle House, Inc.* There, the Court held that producing "thousands of documents from 1400 nationwide Waffle House restaurants" was not overly burdensome, in part, because "Defendant cannot attack the propriety of Plaintiffs' discovery requests with hypothetical arguments. [Instead,] Defendant must produce specific evidence that each challenged discovery request causes it to incur an actual and undue burden." *Merrill*, 227 F.R.D. at 478.

7

Deep South fails to even allege the number of events it has held that it would have to produce information about. Of course, Deep South is surely aware of the events it has held. And the Court can only presume that it has kept sufficient records about its events that will enable it to respond to Interrogatory 4. "Broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request." *Brady*, 238 F.R.D. at 437 (holding that an affidavit claiming the discovery request would produce 32,222,000 pages, 226 boxes, and require over 16,000 hours of review was sufficiently specific to find the request unduly burdensome). Deep South's objections exemplify the sort of broad, nonspecific objections that prevent the Court from evaluating the true burden of the Interrogatory. Without any basis to evaluate the burden, Deep South has not shown that discovery should be denied. "The fact that an interrogatory calls for a thorough response—one that will take time and effort to answer—does not make it improper." *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016).

## II. Federal Rule of Civil Procedure 33(d)

If Deep South invokes Federal Rule of Civil Procedure 33(d), it must ensure it is fully compliant. Federal Rule of Civil Procedure 33(d) provides that, "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries."

Rule 33(d) requires that a responding party "to point to specific documents, by name or bates number" and "specify the information that [the requesting party] should review in sufficient detail to enable [the requesting party] to locate and identify *the information in the documents* [at least] as readily as [an answering party] could." *State Auto. Mut. Ins. Co.*, 2018 WL 3548866, at *3 (alterations in original) (emphasis added) (quoting *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, No. 3:14-CV-2498, 2016 WL 2997744, at *9 (N.D. Tex. May 25, 2016)). Deep South properly pointed to specific documents by Bates number in its initial answer. But it provided no information that would enable Defendants to compile the sought information as readily as Deep South could. And it did not provide any guidance on identifying the information in the documents that is responsive to the Interrogatory. Finally, it did not provide specific documents that, altogether, provided a complete response to the Interrogatory.

### III. Attorney's Fees

Federal Rule of Civil Procedure 37(a)(5)(A), (C) requires a court to require the party whose conduct necessitated the motion to compel the payment of the movant's reasonable expenses incurred in making the motion. However, the court may not order such payment if the movant did not engage in good faith to obtain the discovery prior to filing the motion to compel, the resisting party's nondisclosure or objections were substantially justified, or other circumstances make the award unjust. FED. R. CIV. P. 37(a)(5)(A)(i)–(iii). The Court declines to award attorney's fees.

### CONCLUSION

The Motion is **GRANTED**. The Court **ORDERS** Deep South to supplement its answer to Interrogatory 4, **within fourteen days of the date of this Order**, so as to fully answer Interrogatory 4 in compliance with Rule 33's requirements (including Rule 33(d)).

**SO ORDERED**.

July ___, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

10