IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

OPEN CHEER & DANCE
CHAMPIONSHIP SERIES, LLC, *et al.*,

     Plaintiffs,

v.                                                          2:23-CV-155-Z

VARSITY SPIRIT, LLC, *et al.*,

     Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Strike Disclosures Under Rule 26(a)(1) and 26(a)(2)(C) and For Expedited Briefing and Consideration ("Motion") (ECF No. 143), filed June 6, 2025. Plaintiffs responded on June 16, 2025. ECF No. 145. And Defendants replied on June 23, 2025. ECF No. 148. Plaintiffs also filed for leave to file their response under seal. ECF No. 146. The Court required additional briefing on that motion. ECF No. 149. The Motion is now ripe. Having reviewed the Motion, briefing, and relevant law, the Motion is **GRANTED in part**. Plaintiffs are **ORDERED** to supplement, **within seven days of this Order's date**, their initial disclosures and expert disclosures to comply with Federal Rules of Civil Procedure 26(a)(1)(A)(i) and 26(a)(2)(C)(i)–(ii) as explained in this opinion.

### BACKGROUND

Plaintiffs sued Defendants, alleging anticompetitive activity against Plaintiffs intended to prevent Plaintiffs from "gaining a foothold in the market" because Defendants "feared it would take away their control of the market." ECF No. 1 at 6. Plaintiffs' claims center on violations of the Sherman Antitrust Act, the Clayton Act, and the Texas Free Enterprise and Antitrust Act of 1983, among others. *Id.* at 39–44. Plaintiffs argue Defendants' "cheer cartel"

colluded to enact group boycotts and other collusive activity to prevent Plaintiffs from competing against them for All Star cheer competitions. *Id.* at 6, 6–9.

Plaintiffs produced their initial Rule 26(a)(1) disclosures in fall 2024. Defendants objected to deficiencies in Plaintiffs' initial disclosures in October 2024. ECF No. 143-1 at 2. Defendants noted that Plaintiffs' initial disclosures only "generally identified 'current and former agents, employees, and custodians of record'" for all parties and other unnamed individuals, "TBD." ECF No. 143 (quoting ECF No. 125-7 at 2–4). Plaintiffs responded that they intended to supplement their initial disclosures to "identify additional persons [they] may use to support Plaintiffs' claims." ECF No. 143-3 at 2. Plaintiffs supplemented their initial disclosures on March 6, 2025. ECF No. 125-8. These disclosures still identified categories of individuals for over 100 entities. *Id.* Defendants again objected. ECF No. 125-15. And Plaintiffs refused to fix the identified problems. ECF No. 143-4 at 2 ("We disagree with your characterization of Plaintiffs' initial disclosures. Defendants seem to be trying to manufacture issues that do not exist."). Plaintiffs supplemented their initial disclosures for a second time on April 18, 2025. ECF No. 143-5. This supplement did not resolve the identified issues. *See id.* Thus, these second-supplement initial disclosures are the subject of this Motion.

The same day Plaintiffs supplemented their initial disclosures for a second time, they produced their expert disclosures. ECF No. 143-6. Defendants objected to these, too, because they contended that the owners of Plaintiff organizations should not be designated experts, and the disclosures did not meet Rule 26(a)(2)(C)'s requirements. ECF No. 143-7 at 2–3. Plaintiffs supplemented their expert disclosures on May 7, 2025. ECF No. 143-8. These supplemented expert disclosures are the subject of this Motion.

LEGAL STANDARD

### I. Federal Rule of Civil Procedure 26(a)(1)(A)(i)

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires parties to disclose initially the "*name* and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." FED. R. CIV. P. 26(a)(1)(A)(i) (emphasis added). A party may rely on "the information then reasonably available to it" when making these initial disclosures but cannot excuse deficient disclosures "because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." FED. R. CIV. P. 26(a)(1)(E). "But not everyone is going to have all that information at the outset of litigation." *Reyna v. Epiroc Drilling Sols., LLC*, No. 3:23-CV-1005, 2025 WL 317568, at *6 (N.D. Tex. Jan. 28, 2025). So parties have a continuing duty to supplement their initial disclosures "if [they] learn[] that in some material respect the disclosure . . . is incomplete" and more details comes to light. FED. R. CIV. P. 26(e)(1).

### II. Federal Rule of Civil Procedure 26(a)(2)(C)

Federal Rule of Civil Procedure 26(a)(2)(C) requires a party to disclose "the subject matter on which the [expert] witness is expected to present evidence under Federal Rules of Evidence 702, 703, or 705" and to disclose "a summary of the facts and opinions to which the [expert] witness is expected to testify" for all expert witnesses who are "not required to provide a written report." This disclosure requirement provides the opposing party with notice of approximately what a nonretained expert witness will testify about. *See Galvez v. KLLM Transp. Servs., LLC*, 575 F. Supp. 3d 748, 756 (N.D. Tex. 2021). These disclosures must provide a summary of the nonretained expert's *opinions* and not only the topics of testimony. *See Everett Fin., Inc. v. Primary Residential Mortg., Inc.*, No. 3:14-CV-1028, 2017 WL 90366, at *2 (N.D. Tex. Jan. 10, 2017). Additionally, these disclosures must provide the specific factual basis for the

enumerated opinions. *Id.* The Rule's use of "summary" means that an "abstract, abridgement, or compendium of the opinion and facts supporting the opinion" suffices. *Anders v. Hercules Offshore Servs., LLC*, 311 F.R.D. 161, 164 (E.D. La. 2015). Thus, "undue detail[s]" are not required—but discrete, summarized opinions are. *See* FED. R. CIV. P. 26(a)(2)(C) committee's note to 2010 amendment; *see also Everett*, 2017 WL 90366, at *2 (finding no "controlling precedent that governs the level of detail required in disclosures under this Rule"). And the specific facts that form the base of those opinions are required, too. *See Galvez*, 575 F. Supp. 3d at 756 ("The disclosure must, *at the very least*, state opinions, not merely topics of testimony, and contain a summary of the facts upon which the opinions are based." (emphasis added) (internal quotation omitted)).

### III. Federal Rule of Civil Procedure 37(c)(1)

Federal Rule of Civil Procedure 37(c)(1) provides that if "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The disclosing party has the burden to prove that the failure to disclose was substantially justified or harmless. *See Sightlines, Inc. v. La. Leadership Inst.*, No. 3:13-CV-527, 2015 WL 77671, at *1 (M.D. La. Jan. 6, 2015); *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013).

Courts evaluate four factors to determine whether a disclosure failure was harmless: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). This test receives holistic consideration—not a mechanical numeration of the factors on each side of the balance. *See Klein v. Fed. Ins. Co.*, Nos. 7:03-CV-102; 7:09-CV-094,

2015 WL 1525109, at *3 (N.D. Tex. Apr. 6, 2015) (quoting *Hoffman v. L&M Arts*, No. 3:10-CV-953, 2013 WL 81578, at *3 n.7 (N.D. Tex. Jan. 8, 2013)). District courts have discretion on this issue. *See Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

ANALYSIS

Defendants contend that despite repeatedly asking Plaintiffs to conform their Rule 26(a)(1) initial disclosures to the Rule's requirements, they still have not done so. ECF No. 143 at 5. And similarly, Defendants argue Plaintiffs' Rule 26(a)(2)(C) nonretained-expert disclosures do not comply with the Rule despite repeated notifications. *Id.* Thus, Defendants request this Court strike the noncompliant disclosures or order disclosure under Federal Rule of Civil Procedure 37(a)(3)(A) and 37(c). *Id.* at 22. And Defendants ask the Court to prevent the Plaintiffs from presenting evidence from anyone but individuals who have already been deposed. *Id.* The Court will take each allegedly deficient disclosure in turn.

### I. Plaintiffs' Initial Disclosures

Defendants argue Plaintiffs' Rule 26(a)(1) disclosures should be striken. ECF No. 143 at 10. They contend that Rule 26(a)(1)(A)(i) requires the name, at least, of witnesses the disclosing party may use to support its claims or defenses. *Id.* Instead, Plaintiffs, in their second supplement, disclosed the "[c]urrent and former agents, employees, and custodians of record for" 108 entities and organizations. ECF No. 143-5. Plaintiffs seem to believe they "may use" these thousands or tens of thousands of individuals. FED. R. CIV. P. 26(a)(1)(A)(i). Defendants note these broad disclosures mean they "have no way of knowing which of these hundreds of other mostly undisclosed individuals will actually be giving evidence in this case" and that "this is not actual disclosure of witnesses that Plaintiffs may use to support their claims, rather it is an attempt to avoid such disclosure in favor of an avalanche of companies and names." ECF No. 143 at 11.

5

Plaintiffs see no problem. They argue that Rule 26(a) imposes no cap on the number of witnesses. ECF No. 145 at 5. They note that complex cases require complex discovery. *Id.* at 5–6. And, in any event, Plaintiffs argue that Defendants "know these witnesses" anyway because they "employed" some and "deposed dozens in other litigation." *Id.* at 6. Thus, Plaintiffs taunt, "Defendants' feigned confusion is disingenuous." *Id.* They accuse Defendants of confusion about the difference between initial disclosures and pretrial disclosures while they contend Defendants could go through the list of thousands of people and "decid[e] whom to depose." *Id.* at 7. Finally, Plaintiffs interpret their initial disclosures as only identifying corporate entities. *Id.* at 7–8. Thus, they note, their initial disclosures only disclose the "representative" of these corporate entities. *Id.* at 8. Instead, they argue, it is up to Defendants to figure out who Plaintiffs are disclosing as witnesses. *Id.* at 8 ("Defendants have multiple tools if they want specific names . . . They have used none.").

The text of Rule 26(a)(1)(A)(i) easily resolves this dispute. It requires a disclosing party to "provide to the other parties . . . the *name* . . . of each individual likely to have discoverable information—along with the subjects of that information." FED. R. CIV. P. 26(a)(1)(A), (a)(1)(A)(i) (emphasis added). Plaintiffs did not do that. Instead, they disclosed "[c]urrent and former agents, employees, and custodians of record" for 108 entities and organizations. ECF No. 143-5. That is little more than a placeholder for all individuals who worked for or represented those entities. And courts "routinely" reject such vague and "broad categorizations of witnesses" in disclosures. *Dykes v. Cleveland Nursing & Rehabilitation Center*, No. 4:15-CV-76, 2018 WL 3058870 (N.D. Miss. June 20, 2018). That is for good reason. Sweeping disclosures of this sort undermine Rule 26(a). Rule 26(a) exists so a nondisclosing party can access the information the disclosing party may use to build its case and probe it. *See Joe Hand Promotions, Inc. v. Chios, Inc.*, 544 F. App'x 444, 446 (5th Cir. 2013) ("The basic purpose of Rule 26 is to prevent prejudice

and surprise." (internal alterations and quotation omitted)); *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007) ("Rule 26(a) generally serves to allow both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case." (internal alteration omitted)); *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014) ("The purpose of Rule 26(a) is to allow the parties to adequately prepare their cases for trial and to avoid unfair surprise.").

But these purposes are meaningless if the disclosing party provides deficient information. Rule 26(a) requires, except in one noted circumstance addressed next, the *name* of those with potential information for discovery. And even if Plaintiffs are *still* unsure of who these individuals are, that is no excuse. *See* FED. R. CIV. P. 26(a)(1)(E) ("A party is not excused from making its disclosures because it has not fully investigated the case . . . ."). Nor can a party offload its Rule 26(a) obligations by telling a nondisclosing party to use its own "multiple tools" to get "specific names" when the disclosing party appears unable or unwilling to do the same. ECF No. 145 at 8.

Plaintiffs attempt to frame their disclosures as an exception to Rule 26(a)'s requirements. Instead of the "[c]urrent and former agents, employees, and custodians of record" for the entities, Plaintiffs argue they were only trying to disclose the "representatives" for "corporate entities." ECF Nos. 143-5, 145 at 7. Plaintiffs' reframing attempts to use an interpretation of Rule 26(a)'s requirement that disclosures have a "name." Courts have established that when a disclosing party means to disclose a *corporate* person and not a *natural* person, then disclosing an unnamed corporate representative of that entity meets Rule 26(a)'s requirement in narrow circumstances. *See Spence v. Am. Airlines, Inc.*, 775 F. Supp. 3d 963, 973–74 (N.D. Tex. 2025). However, this is not a blanket end-run around Rule 26(a). It is only permissible when the disclosing party (1) "d[oes] not know who within [the entity] . . . would be well-positioned and available to testify," (2) the information is "corporate," and (3) the disclosure

7

still "put[s] [the nondisclosing party] on notice as to the source of the testimony [the disclosing party] intended to elicit and the subject matter of that testimony." *Spence*, 775 F. Supp. 3d at 973. Plaintiffs' cited case agrees. In *Garth v. RAC Acceptance East, LLC*, the court held that if a disclosing party "identifies . . . 'corporate representatives' or other generic categories of employees as individuals likely to have discoverable information . . . but makes no reference to the subjects of that information, such a disclosure is insufficient for Rule 26(a)'s purposes." No. 1:19-CV-192, 2021 WL 4432829, at *3 (N.D. Miss. Sept. 27, 2021). In contrast, if a disclosing party discloses (1) "the subjects of information," (2) the "information is corporate in nature," and (3) "could be elicited from any number of corporate representatives," then a "generic description of 'corporate representatives' is sufficient." *Id.*

This exception makes good sense. The law generally considers corporations persons, too. And if a particular corporate person has discoverable information—that any corporate representative could supply—then the disclosing party has provided a "name" for that corporate person by listing it and disclosing a "corporate representative" for that entity. But notice the narrowness. The information must be corporate information—not information that an individual who works at that corporation alone has. *See Garth*, 2021 WL 4432829, at *3 (the information "could be elicited from any number of corporate representatives"). And generally, the disclosing party must not know "who would be well-positioned and available to testify" within the corporation. *Spence*, 775 F. Supp. 3d at 973. Finally, the disclosing party must identify "the subjects of information" the corporate person has. *Garth*, 2021 WL 4432829, at *3. And lest the exception be interpreted too broadly still, *Spence* clarifies that best practice is to inquire with the corporate entity who should be named as the corporate representative before simply disclosing a "corporate representative" for an entity. *See Spence*, 775 F. Supp. 3d at 973 (holding a disclosure "sufficient to put [the nondisclosing party] on notice as to the source of the

testimony" when the disclosing party contacted the third-party entity to determine who should be named and ultimately naming "the two individuals [the third-party entity] confirmed would be willing to testify as corporate representatives").

Plaintiffs' disclosures miss the mark to satisfy this corporate exception.

First, they are not naming only a corporate person with no concern for which of its representatives testify. Instead, they broadly gesture to all [c]urrent and former agents, employees, and custodians of record" for the entities. Of course, far fewer individuals are authorized to speak as an entity's representative than every current or former employee of that entity. If Plaintiffs intended to disclose a corporate person, they could have said so. Rather, Plaintiffs' disclosures name *every* current or former agent or employee of 108 entities. That reveals Plaintiffs were not naming corporate persons. They were naming all persons ever associated with those entities. That far exceeds Rule 26(a)'s bounds. But Plaintiffs did not stop there. They also disclosed all "[c]urrent and former agents, employees, and custodians of record" for "any of [the entity's] affiliates, parents, or subsidiaries." ECF No. 143-5. Such breadth does nothing to accomplish Rule 26(a)'s purposes. The number of individuals is not the problem. *Contra* ECF No. 145 at 6 ("Rule 26 . . . plac[es] no cap on potential witness numbers."). The problem is that nobody—not even Plaintiffs—know who these individuals are and no way of knowing exists based on Plaintiffs' disclosures.

Second, Plaintiffs do not provide sufficient detail about the subject of information each entity has. Usually, the disclosures identify the entity as an event producer or gym that may have information about "Defendants' anticompetitive practices and collusion." ECF No. 143-5. This is an antitrust case where Plaintiffs allege Defendants engaged in anticompetitive practices. Thus, this disclosure is akin to the disclosing party in *Garth* stating the disclosed entities may have "knowledge regarding Plaintiff's claims." *Garth*, 2021 WL 4432829, at *4. And there the court held such general subjects "insufficient." *Id.* For most other disclosed entities,

9

Plaintiffs identify them as a gym "that did not return fully or partially to [Plaintiff] events" and thus may have information about Plaintiffs' claims. Rule 26(a) disclosures should help orient the nondisclosing party's discovery efforts. Disclosing potentially thousands of unnamed people that may have information about Plaintiffs' claims in general does virtually nothing to accomplish Rule 26(a)'s purpose.

And Plaintiffs' claims that Defendants' cases only concern "eve-of-trial ambushes" miss the point of Rule 26(a) and misread the cases. ECF No. 145 at 6. In *Dykes*, the court held that the disclosing party's Rule 26(a) disclosure that had "broad categorizations of witnesses" was an insufficient disclosure to bring some of those unnamed people as trial witnesses. 2018 WL 3058870, at *3–4. That makes sense—proper adherence to Rule 26(a) guards against such surprise. *Watts v. 84 Lumber Co.* similarly held that Rule 26 prohibits unnamed witnesses from testifying even though they may have been included in "vague and boilerplate identification" in a Rule 26(a) disclosure. No. 14-CV-327, 2016 WL 7732936, at *1–2 (S.D. Ill. Feb.12, 2016). Finally, *McKnight v. Hagel* again barred witness testimony from an individual "not identified" in initial disclosures or supplements, though ostensibly included in a broad, vague category. No. 14-CV-1214, 2015 WL 11438190, at *3 (S.D. Cal. June 25, 2015). Instead of *distinguishing* between "initial disclosures" and "eve-of-trial ambushes," like Plaintiffs would like, Rule 26(a)'s initial disclosures *prevent* "eve-of-trial ambushes." ECF No. 145 at 6.

Thus, Plaintiffs failed to disclose under Rule 26(a). Rule 37(c)(1) states that they are not allowed to "use" any undisclosed "witness[es] to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Plaintiffs bear the burden here to demonstrate that their failure was substantially justified or harmless. *See Sightlines*, 2015 WL 77671, at *1. Plaintiffs gesture that Defendants "seek unprecedented relief." ECF No. 145 at 8. But Defendants only seek relief the Federal Rules of Civil Procedure contemplate. And Plaintiffs present cursory argument on the four factors the court should consider to determine

10

whether Plaintiffs' failure was harmless. But they do note that Rule 26(e) permits supplementation. ECF No. 145 at 9.

Plaintiffs' failure to disclose was not substantially justified because their errors were repeatedly highlighted, as discussed. And Plaintiffs may not lay claim to Rule 26(e)'s safe-harbor clause because Defendants have repeatedly highlighted, as discussed, how Plaintiffs' initial disclosures were "in some material respect . . . incomplete or incorrect." FED. R. CIV. P. 26(e)(1)(A). However, considering the four factors the Court must, Plaintiffs' error is harmless at this juncture. First, some of the entities Plaintiffs name likely have important information. *Varga v. Wells Fargo Bank, N.A.*, No. 4:17-CV-265, 2019 WL 13080220, at \*2 (N.D. Tex. Dec. 23, 2019) ("The Court has no doubt that at least some of the testimony of the [un]named witnesses is important . . . ."); ECF No. 145 at 9 (limiting witnesses to those deposed would "assumingly devastat[e] Plaintiffs' case"). Plaintiffs should have an opportunity to disclose properly named individuals or a corporate representative from those entities. Second, if Plaintiffs' initial disclosures stood as-is, then Defendants would be "severely prejudiced" in their "ability to defend themselves against Plaintiffs' claims." ECF No. 143 at 22. But that prejudice can be cured through striking all those unnamed in the initial disclosure and granting a continuance, if needed, once Plaintiffs properly disclose. Finally, Plaintiffs do not explain why they failed to disclose properly, except for a misunderstanding of how to disclose entities. That confusion has existed in other cases, so this factor cuts in favor of Plaintiffs. *See Jones v. Realpage, Inc.*, No. 3:19-CV-2087, 2020 WL 6149969, at \*2–5 (N.D. Tex. Oct. 19, 2020). Thus, a holistic consideration reveals Plaintiffs' error is yet harmless. *See Klein*, 2015 WL 1525109, at \*3; *Tex. A&M Rsch. Found.*, 338 F.3d at 402.

Accordingly, the Court **STRIKES** Plaintiffs' Second Supplemental Rule 26(a)(1) Initial Disclosures for all entities that Plaintiffs disclose all "[c]urrent and former agents, employees, and custodians of record." All named individuals remain. The Court **ORDERS** supplementation

under Federal Rule of Civil Procedure 26(e)(1)(B) to allow Plaintiffs to disclose any additional individuals or corporate representatives they wish under Rule 26(a)'s requirements as explained in this Order. Plaintiffs must supplement **within seven days of the date of this Order**.

### II. Plaintiffs' Nonretained Expert Disclosures

Defendants challenge Plaintiffs' nonretained expert disclosure of their entities' owners ("Owners") for violating Rule 26(a)(2)(C). They first argue that the Owners are not proper expert witnesses because they are primarily fact witnesses who would testify based on their own experiences and observations. ECF No. 143 at 12–19. This, in Defendants' minds, is a "bold-faced attempt to circumvent the Federal Rules of Evidence and unfairly prejudice the jury." *Id.* at 15. Defendants believe the Owners are not proper experts because Plaintiffs' disclosures reveal that the "testimony to be proffered by the Owners is, by definition, lay witness testimony." *Id.* at 14. And Defendants walk through the minutiae of the Owners' deposition testimony to support their argument that "Plaintiffs intend to utilize the Owners to inject unidentified hearsay statements and to make sweeping, unsupported generalizations that are several steps removed from their first-hand knowledge." *Id.* at 15.

However, Defendants decline—at this juncture—to challenge the Owners' designation as experts under *Daubert* and its progeny. *See* ECF Nos. 143 (making no *Daubert* argument nor citing to its factors while seemingly challenging the Owners qualifications and methods), 145 at 10 ("Defendants' motion reveals its confusion. Although styled as a motion to strike inadequate disclosures, it sometimes reads like an incomplete Daubert motion."), 148 at 10–11 (rejecting that this is a *Daubert* challenge because "there should be no need to engage in even more expensive expert discovery and *Daubert* motion practice where, as here, the disclosure of the Owners as 'experts' is facially improper"). Instead, Defendants attempt to fold a *Daubert*-like challenge into a motion to strike for improper disclosures and then claim that other courts do

the same. ECF No. 148 at 11. Alternatively, Defendants challenge the nonretained expert disclosures themselves. ECF No. 143 at 20–21. They claim that the disclosures merely reference the topics the Owners may testify about but neglect to enumerate their opinions and the factual bases for them as Rule 26(a)(2)(C) requires. *See id.* at 21 (explaining the disclosures "boil down to a list of high-level topics and legal conclusions").

Plaintiffs highlight Defendants' odd challenge to the experts' qualifications, but their declination to make a *Daubert* challenge. ECF No. 145 at 10. They assert that any vague *Daubert* challenge is premature at this stage. *Id.* So Plaintiffs focus their response on Defendants' alternative argument. They argue that Rule 26(a)(2)(C), like Rule 26(a)(1) in their minds, "requires minimum detail." *Id.* at 11. And they complaint about Defendants' "deposition tactics." *Id.* at 12. Then they defend the testimonies the Owners gave in their depositions and counter Defendants' characterization of them. *Id.* at 12–15.

The Court declines to entertain a full *Daubert* challenge to Plaintiffs' experts because Defendants disavow making a *Daubert* challenge, though the Motion sounds in the Owners' qualifications and appropriateness as experts. Defendants' cite cases they claim indicate that courts sometimes strike designated experts for lack of qualifications based only on initial disclosures do not support their argument. In *Dailey v. Vought Aircraft Industries, Inc.*, the court struck designated experts based on a *Daubert* challenge. No. 3:03-CV-1633, 2004 WL 1068101, at *1 ("Defendant's Daubert Objections"), *3 (striking because the witnesses were "not eligible to testify pursuant to Rule 702" and their testimony "is ordinarily fact testimony") (N.D. Tex. May 10, 2004); *see also Sanders v. Waterwood Nat'l Assocs. LP*, No. 3:09-CV-1940, 2010 WL 11617979, at *2 (N.D. Tex. Oct. 26, 2010) (ordering Plaintiff to clarify whether its experts fell under Rule 26(a)(2)(B) or 26(a)(2)(C); *VeroBlue Farms USA Inc. v. Wulf*, No. *4, *11–12 (holding under *Daubert* that "[n]either Nelson, Sheriff, nor Driver is qualified as an expert; each is

instead a fact witness . . . Allowing any of them to present 'expert' testimony would violate Rule 702" and *separately* holding Nelson and Sheriff's disclosures insufficient). Defendants may still challenge the Owners as experts under *Daubert* before the applicable deadlines in the Scheduling Order.

But the Court will examine whether Plaintiffs' Rule 26(a)(2)(C) disclosures meet the Rule's requirements. They do not. Rule 26(a)(2)(C) requires a disclosing party to disclose two things for each expert not required to have a written report. First, the disclosing party must provide "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705." FED. R. CIV. P. 26(a)(2)(C)(i). Second, the disclosing party must provide "a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C)(ii).

A "summary of opinions" means "a brief account of the main opinions of the expert, and that the opinions must state a view or judgment regarding a matter that affects the outcome of the case." *Tidwell v. Gomez*, No. 5:19-CV-179, 2022 WL 20686845, at *2 (N.D. Tex. Aug. 12, 2022) (quoting *Tolan v. Cotton*, No. H-09-1324, 2015 WL 5332171, at *6 (S.D. Tex. Sept. 14, 2015)). Referencing heaps of background facts but not the "main points" from those heaps the expert relies on "does not suffice." *Tolan*, 2015 WL 5332171, at *6 (quoting *Little Hocking Water Assoc., Inc. v. E.I. DuPont de Nemours & Co.*, No. 2:09-CV-1081, 2015 WL 1105840, at *9 (S.D. Ohio Mar. 11, 2015)). The Rule requires clear, concise opinions that express the expert's judgment and the facts connected to those opinions. Fewer, clearer words in these disclosures are better and wiser than dumps of potential testimony topics. That is so "an opposing party has some notice of what an expert witness who is not retained or specially employed will testify about." *Galvez*, 575 F. Supp. 3d at 756. The Rule does not require stringent detail akin to a

written expert report. Rather, a brief "abstract" of the opinions and basis facts is enough. *Everett*, 2017 WL 90366, at *2 (internal quotation omitted).

Plaintiffs' Rule 26(a)(2)(C) supplemental disclosures for the Owners say much but do not summarize the specific opinions each Owner is expected to provide and a brief recounting of the facts supporting those opinions. For each Owner, the disclosure states he or she has been involved in cheerleading for "many years" in varying forms and thus is "familiar" with the industry and its standards and practices. *See* ECF No. 143-8 at 4. Then, the disclosures state that each Owner "will testify" about industry standards, the role of event producers, the importance of bids, and that Defendants imposed "restraints" that harm other event producers like Plaintiffs. *Id.* at 4–16. In each paragraph of the Owner disclosures, Plaintiffs identify a litany of topics the Owners "will testify" about. *Id.* And to the Court's best read, Plaintiffs merely copy and paste the same paragraphs for each Owner. Far from offering discrete opinions for each Owner, the disclosures offer many "topics of testimony." *Everett*, 2017 WL 90366, at *2 (holding the disclosures must at least "state opinions, not merely topics of testimony").

And, to the extent duplicative opinions may appear in the paragraphs, the disclosures do not connect specific facts to those opinions that the Owners relied upon to form those opinions. An opinion must "state a *view* or *judgment* regarding a matter that affects the outcome of the case." *Tolan*, 2015 WL 5332171, at *6 (emphasis added) (internal quotation omitted). Plaintiffs use many words but offer little clarity. *See Carr v. Montgomery Cnty.*, No. H-13-2795, 2015 WL 5838862, at *3 (N.D. Tex. Oct. 7, 2015) ("This summary essentially references all possible facts, rather than identifying the particular facts . . . ."). And that Plaintiffs simply repeated the same paragraphs for each Owner reveals that they are not disclosing summaries of each Owner's particular opinions. "It is insufficient for [Plaintiffs] merely to state that [the Owners] may have an opinions: [they] must state a summary of [the] opinions and of the facts on which [the

Owners] rel[y] to support them." *Galvez*, 575 F. Supp. 3d at 756; *see also* ECF No. 143 at 20 ("Plaintiffs do not state . . . whether [their ostensible opinions were] based on any particular conversations, written communications, surveys, or other facts or data.").

Plaintiffs are correct that Rule 26(a)(2)(C) disclosures do not require waterfalls of detail. *See* ECF No. 145 at 11. Even a trickle will suffice. But that trickle must, "at the very least," set forth each expert's opinions and the facts the expert relied upon to form each opinion. *Galvez*, 575 F. Supp. 3d at 756. Plaintiffs' disclosures do not suffer from a lack of words; they suffer from a lack of clarity about the opinions of each Owner and the basis facts supporting each opinion. Because Plaintiffs' Supplement to Expert Disclosures for Heidi Weber, David Owens, Jeb Harris, David Hanbery, and Kendall Hanberry do not provide a summary of the opinions and facts for each, they are deficient under Rule 26(a)(2)(C). These disclosures are **STRICKEN**.

Next, the Court must evaluate whether Plaintiffs' error was "substantially justified or harmless" under Rule 37(c). "The district court has broad discretion in deciding whether a Rule 26(a) violation is substantially justified or harmless." *Everett*, 2017 WL 90366, at *4. "[E]xclusion is not mandatory or automatic." *Brown v. Joseph Cory Holdings, LLC*, No. 4:13-CV-044, 2014 WL 12585673, at *2 (N.D. Tex. Apr. 1, 2014). Witness exclusion "is a harsh penalty and should be used sparingly." *Galvez*, 575 F. Supp. 3d at 758 (quoting *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). The Court evaluates the four factors previously discussed. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563–64 (5th Cir. 2004).

First, Plaintiffs argue that the Owners have "[v]ital testimony." ECF No. 145 at 17. However, Plaintiffs appear to be stating that as a general matter. Elsewhere, they indicate the testimony *as experts* is less important because they "disclosed them as non-retained expert witnesses out of an abundance of caution." *Id.* at 10. Defendants only sought the Owners' exclusion as expert witnesses—not lay witnesses. ECF No. 143 at 21. Thus, the first factor cuts

against Plaintiffs because much, if not all, of the evidence Plaintiffs seek to introduce from the Owners could be provided as lay witnesses.

Second, Defendants would be quite prejudiced if the Owners could testify as experts to all the unparticularized information in the disclosures. Plaintiffs' attempt to argue that Defendants are not prejudiced because they have already deposed the Owners misunderstands the nature of the prejudice. "Defendants have no obligation to remind [Plaintiffs] to comply with the Federal Rules" and Plaintiffs' deficient disclosures have "prejudiced Defendants" because a "proper expert designation allows opposing counsel to anticipate the expert's testimony and make decisions about how to approach that expert." *Carr*, 2015 WL 5838862, at *4.

However, third, discovery is not yet closed, and continuances remain available to cure any prejudice if Plaintiffs manage to disclose properly the Owners as nonretained experts. The Court can order supplementation to give Plaintiffs one final opportunity to meet Rule 26(a)(2)(C)'s requirements.

Finally, Plaintiffs offer a meager explanation for their failure to disclose but note that "reasonable minds differ on disclosure requirements." ECF No. 145 at 17. Considering the factors "holistically," and noting the closeness of the inquiry, the Court declines to prohibit the Owners from being nonretained experts. "Although striking" the Owners as expert witnesses "is an available option under Rule 37, this is a harsh penalty that the Court does not choose to implement at this time." *Sanders*, 2010 WL 11617979, at *3. A "less severe remedy will largely cure any prejudice that defendants suffered due to [Plaintiffs'] noncompliance." *Galvez*, 575 F. Supp. 3d at 758. The Court instead **ORDERS** supplementation of the Owners' expert disclosure under Rule 26(e)(1)(B) to comply with Rule 26(a)(2)(C)'s requirements as explained in this Order. *VeroBlue*, 2023 WL 348016, at *9. Plaintiffs must supplement **within seven days of the date of this Order**.

17

CONCLUSION

Accordingly, Defendants' Motion is **GRANTED in part**. The Court **STRIKES** the noncompliant disclosures and **ORDERS** supplementation under Rule 26(e)(1)(B) of the Rule 26(a)(1) and Rule 26(a)(2)(C) disclosures as explained in this Order. All supplementations must occur **within seven days of the date of this Order**.

**SO ORDERED**.

July __, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE