IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| OPEN CHEER & DANCE CHAMPIONSHIP SERIES LLC, *et al.*, | |
| Plaintiffs, | |
| v. | 2:23-CV-155-Z |
| VARSITY SPIRIT, LLC, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Motion for Reconsideration of Their Motion for Leave to Take Additional Depositions ("Motion"). ECF No. 181. Defendants responded on September 9, 2025. ECF No. 192. Plaintiffs replied on September 23, 2025. ECF No. 196. Having considered the Motion, briefing, and the relevant law, the Court **DENIES** Plaintiffs' Motion. The Court also **ORDERS** the parties to abide by new discovery procedures, outlined in further detail below.

### BACKGROUND

Some background is necessary to put Plaintiffs' Motion in context. Plaintiffs filed their Complaint in September 2023. *See* ECF No. 1. Since then, the parties have asked the Court to adjudicate numerous discovery disputes that they have been unable to resolve on their own, as the Federal Rules encourage. *See* FED. R. CIV. P. 37(a)(1) (requiring motions to compel discovery to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"). By the Court's count, this Motion is the twentieth time the parties have asked the Court to intervene in their discovery disputes. *See* ECF Nos. 64, 68, 69, 70, 71, 87, 118, 125, 143, 146, 147, 153, 158, 165, 171, 174, 176, 177, 179, 181, 191, 195, 198.

And in the short time since this Motion was filed, the parties have brought three more discovery spats to the Court. *See* ECF Nos. 191, 195, 198. Both parties have vigorously opposed the other party's motions with responses, replies, and requests for leave to file sur-replies. The parties have even filed fulsome responses and replies to motions for leave to file sur-replies. *See* ECF Nos. 191, 194, 197.

This particular tiff arose after Plaintiffs filed a Motion for Leave to Take Additional Depositions and Request for Expedited Briefing and Consideration on June 20, 2025. ECF No. 147. In that filing, Plaintiffs asked the Court to grant them "leave to depose 17 additional witnesses." *Id.* at 19. Those depositions were in excess of the Federal Rules' presumptive ten-deposition limit, as Plaintiffs had already reached that limit before moving for leave to exceed it. *See id.* at 4. The seventeen additional witnesses Plaintiffs sought leave to depose fell into four categories: corporate representatives, third-party event producers, third-party gyms, and two individuals. *See id.* And there was no indication that, even if the Court granted Plaintiffs' request—nearly tripling the Rules' ten-deposition limit—those witnesses were the only parties Plaintiffs needed to depose. To the contrary, Plaintiffs conspicuously "reserve[d] the right to seek additional depositions later on should Plaintiffs determine such discovery is necessary." *Id.* at 19.

The Court granted Plaintiffs' motion in part and denied it in part. *See* ECF No. 175. The Court found that Plaintiffs "failed to make a particularized showing of necessity for all but four of the seventeen additional depositions they seek leave to take." *Id.* at 3. Specifically, the Court noted that "Plaintiffs have not explained why" deposing five corporate representatives was necessary, that Plaintiffs "failed to demonstrate" the necessity of deposing six third-party event producers, and that they "neglected to explain" why they

needed to depose two additional individuals. *Id.* at 3–5. However, the Court granted Plaintiffs leave to depose four additional third-party gyms. *See id.* at 5.

Plaintiffs then asked the Court to reconsider its Order, arguing that "[r]econsideration is needed to correct a clear error of law and prevent manifest injustice." ECF No. 196 at 7.

### LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). The Fifth Circuit has explained, however, that motions for reconsideration of interlocutory orders are to be analyzed under Rule 54(b). *See, e.g., Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) ("Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time' 'any order or other decision . . . [that] does not end the action.'" (quoting FED. R. CIV. P. 54(b))). Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (citing FED. R. CIV. P. 54(b)), *abrogated on other grounds by, Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (1994) (en banc).

As Plaintiffs correctly note, then, district courts may revisit interlocutory orders in their discretion. *See* ECF No. 196 at 1 (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (observing that a district court has broad discretion "to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law")). But this discretion is not entirely unfettered. Instead, "considerations such as whether the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first

time without justification bear upon [a] Court's review of the motion for reconsideration." *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (citing *McLaughlin v. Unum Life Ins. Co. of Am.*, 212 F.R.D. 40, 41 (D. Me. 2002)); *see also United States v. Planned Parenthood Fed'n of Am.*, No. 2:21-CV-022, 2022 WL 19010525, at *1 (N.D. Tex. Nov. 8, 2022) (Kacsmaryk, J.) ("[M]otions [for reconsideration] are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier."). "Motions for reconsideration," moreover, "have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence." *Planned Parenthood Fed'n*, 2022 WL 19010525, at *1 (quoting *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, No. 3:04-CV-1344, 2005 WL 3148284, at *3 (N.D. Tex. Nov. 21, 2005)); *see also Bowser v. Smith*, 314 F. Supp. 3d 30, 32 (D.D.C. 2018) (noting that relevant factors when ruling on motions for reconsideration include "whether the court patently misunderstood a party, made a decision beyond the adversarial issues presented to the court, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court" (citation and internal quotation marks omitted)).

### ANALYSIS

Plaintiffs write that they "do not seek to rehash arguments" . . . while rehashing arguments. ECF No. 181 at 4. They ask the Court to reconsider three issues, all of which the Court carefully considered—with the benefit of full briefing from both parties—before issuing its prior Order: "(1) whether a particularized showing of necessity is required by Rule 30; (2) whether Plaintiffs had the burden of proving a deposition would not be unreasonably cumulative or duplicative; and (3) whether the availability of documents from production is a substitute for corporate representative testimony." ECF No. 181 at 4 (internal quotation

marks removed). They boldly contend that reconsideration of these issues "is needed to correct a clear error of law and prevent manifest injustice." ECF No. 196 at 7. However, they do not ask the Court to reconsider "that part of the Order granting Plaintiffs leave to depose four third-party gyms." *Id.*

**I. Plaintiffs' Motion**

*A. Whether Rule 30 Requires a "Particularized Showing of Necessity"*

Plaintiffs argue "the Court 'must grant leave [to take additional depositions] to the extent consistent with Rule 26(b)(1) and (2).'" ECF No. 181 at 4 (quoting FED. R. CIV. P. 30(a)(2)). They further contend that Rule 30 "requires no particularized showing of necessity," taking issue with the Court's reliance on *Mullenix v. Univ. of Tex. at Aus.*, No. 1-19-CV-1203, 2021 WL 3474008 (W.D. Tex. Aug. 6, 2021), which held that such a showing is required. *Id.* (internal marks omitted). Accordingly, Plaintiffs "ask the Court to reconsider its Order and find that the plain language of the Rules of Procedure do [sic] not require parties to make a 'particularized showing.'" *Id.* at 6. And they go so far as to contend that "[a]dding this requirement unduly increased the burden on Plaintiffs." *Id.*

Plaintiffs correctly state that the specific words "particularized showing of necessity" do not appear in the text of Rule 30. But this does not mean that parties seeking to take depositions in excess of Rule 30(a)(2)(A)'s ten-deposition limit do not have to make *any* showing of necessity. Far from it: Courts routinely hold that parties who wish to take more than ten depositions must establish not only the necessity of depositions eleven and upwards, but also the necessity of the first ten. *See e.g.*, *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 483–84 (N.D. Tex. 2001) ("Barrow must, at an irreducible minimum, show that the testimony she had already adduced without court leave concerned an issue material to the case and was not unreasonably cumulative or duplicative."); *Mullenix*, 2021 WL 3474008,

5

at *1 ("[A] party wishing to conduct more than 10 depositions has the burden of persuading the court that these additional depositions are necessary." (quoting *Talismanic Props., LLC v. Tipp City, Ohio*, 309 F. Supp. 3d 488, 497 (S.D. Ohio 2017))); *UWorld LLC v. USMLE Galaxy LLC*, 349 F.R.D. 258, 270–71 (N.D. Tex. 2025) ("The party seeking leave under Rule 30(a)(2)(A) to take more than ten depositions must 'show the necessity of all the depositions she took in reaching the prescribed limit,' that is, 'the necessity for each deposition she took without leave of court pursuant to the presumptive limit of Rule 30(a)(2)(A).'" (quoting *Barrow*, 202 F.R.D. at 482–83)); *MacKenzie v. Castro*, No. 3:15-CV-752, 2016 WL 3906084, at *5 (N.D. Tex. July 19, 2016) ("[A party seeking leave] must establish not only the necessity of each deposition identified in his motion (i.e., witnesses 11 through 20), but also the necessity of all the depositions he has taken or will take in reaching the prescribed limit (i.e., witnesses 1 through 10)."). This is well-settled law. And the showing of necessity parties are required to make must be particular to each additional deposition, rather than "general and conclusory." *Barrow*, 202 F.R.D. at 484. So: parties must make a "particularized showing of necessity." *Mullenix*, 2021 WL 3474008, at *1.

Further, the Court relied on the "particularized showing of necessity" language from *Mullenix* in the first instance because Plaintiffs offered only a cursory discussion of why they need to depose seventeen additional witness less than three months from the close of discovery. *See, e.g.*, ECF No. 147 at 19 (contending that the Court should grant Plaintiffs' motion because "no particular showing of necessity is required" (citing *Pitkin v. Corizon Health, Inc.*, No. 3:16-CV-2235, 2018 WL 1336047, at *2 (D. Or. Mar. 13, 2018))). And even in *Pitkin*, the very case Plaintiffs advance to support this proposition, the district court denied in part the plaintiffs' motion to take additional depositions, finding that the moving party still must "show sufficient reason, based in the principles set forth in Rule 26(b)(1) and (2),

6

to exceed the presumptive ten-deposition limit." 2018 WL 1336047, at *2. The *Pitkin* court found that the plaintiffs there failed to carry that burden as to part of their motion, precisely what this Court held here. *Id.*, at *2–3. And unlike *Pitkin*, *Mullenix* was decided by the Western District of Texas, which is not only within the same circuit as this Court but within the same state. By contrast, *Pitkin* was decided in the District of Oregon, which is part of the Ninth Circuit.

Countering *Mullenix* and other authority from the Fifth Circuit, Plaintiffs point to a line of cases arising not within this state or this circuit—a line of cases that appears nowhere in their initial motion. *See* ECF No. 181 at 5 n.1, 5–6 (collecting cases from the Eighth and Ninth Circuits). Though Plaintiffs rightly point out that a "decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case," ECF No. 181 at 5 n.1 (quoting *Camreta v. Greene*, 563 U.S. 692, 709 n.7), courts routinely give greater weight to decisions from within their circuit than to out-of-circuit decisions. That is what the Court did here.

In essence, Plaintiffs ask the Court to apply a more lenient standard from a nonbinding line of cases from outside the Fifth Circuit. Had the Court done so, they argue, the outcome may have been more favorable. This amounts to "rehashing old arguments or advancing theories of the case that could have been presented earlier." *Planned Parenthood Fed'n*, 2022 WL 19010525, at *1. Motions for reconsideration "are not the proper vehicle" for this. *Id.* Their initial motion was the time to make those arguments. And as the above analysis shows, the Court certainly made no "clear error of law," as Plaintiffs brazenly assert in their Reply. ECF No. 196 at 7.

Accordingly, the Court finds that Plaintiffs were required to make a particularized showing of necessity for each deposition in excess of Rule 30's ten-deposition limit. They did not.

### B. Whether Plaintiffs Must Explain Why Additional Depositions Would Not Run Afoul of Rule 26(b)(2)

Plaintiffs raise another issue: "[I]t was not their burden," they argue, "to show the discovery sought was not unreasonably cumulative or duplicative." ECF No. 181 at 6. For support, they direct the Court to a 2017 Northern District of Texas case, *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578 (N.D. Tex. 2017). But that court observed precisely what this Court wrote in its prior Order:

> a court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit—and the court must do so even in the absence of a motion.

*Yang Kun "Michael" Chung*, 325 F.R.D. at 591; *see also* ECF No. 175 at 1–2 (same). And Plaintiffs cite to another unpublished out-of-circuit decision, from the Western District of Kentucky, where that court adopted a more plaintiff-friendly standard. *See* ECF No. 181 at 6 (citing *Bailey v. Kentucky Cmty.*, No. 5:14-CV-143, 2015 WL 4886089, at *2 (W.D. Ky. Aug. 17, 2015) ("Defendant did not meet its burden to demonstrate that Plaintiff should not have the discovery because of cumulativeness or duplication.")).

But this Court never stated that Plaintiffs bore the burden of "showing why deposing" additional witnesses was not unreasonably cumulative or duplicative. ECF No. 181 at 6. For clarity, the Court quotes its prior discussion of this issue in full:

8

> While it is true that antitrust cases such as this one are complex—and that discovery in these cases is correspondingly extensive—this does not mean that Plaintiffs may depose anyone who may have discoverable information. *See United States v. Goertz*, No. A-09-CA179 LY, 2010 WL 2900309, at *1 (W.D. Tex. July 20, 2010) ("The mere fact that more than ten individuals may have discoverable information in a case does not mean that taking more than ten depositions makes sense."). Rather, the criteria set out in Rule 26(b)(2)(C) still control, and these criteria provide that courts "must limit the frequency or extent of discovery" when "the discovery sought is unreasonably cumulative or duplicative." FED. R. CIV. P. 26(b)(2)(C). Plaintiffs have not explained why deposing Defendants' corporate representatives would not be unreasonably cumulative or duplicative of prior depositions of seven different cheer industry executives. Plaintiffs fail to point to any instances of contradictory testimony in the ten depositions they have already conducted. And they do not indicate what they hope to learn about the Defendants' revenues and expenses that cannot be found in the financial records Defendants have already disclosed. Accordingly, Plaintiffs have failed to sustain their burden to depose these corporate representatives.

ECF No. 175 at 3–4. The "burden" the Court referenced was Plaintiffs' burden to indicate to the Court why the additional depositions they sought were necessary. They failed to do so.

As already noted, Rule 26(b)(2) gives courts not only the *ability*, but also the *obligation* to limit discovery the court believes would be unreasonably cumulative or duplicative—even in the absence of a motion by either party. Where a moving party simply fails to explain why the additional depositions they seek would not run afoul of this Rule, courts must deny the moving party leave. *See Talismanic Props.*, 309 F. Supp. 3d at 497 ("A district court has the discretion (and perhaps the obligation) to deny leave to take additional depositions *when no good reason to do so has been presented.*" (emphasis added)).

And notably, Plaintiffs were free to depose one or more of Defendants' corporate representatives using their first ten depositions. They also could have reached an agreement with Defendants that involved the deposition of Defendants' corporate representatives and other witnesses or, failing that, come to the Court before reaching the ten-deposition limit with a concrete plan for further depositions and an explanation of why those depositions were necessary. Or they could have used their initial motion to address the full range of in- and

out-of-circuit case law on the necessity issue, instead of cherry-picking a single unpublished, nonbinding decision from a district court in the Ninth Circuit that furnished a favorable standard.[1] *See* ECF No. 147 at 19 (citing *Pitkin*, 2018 WL 1336047).

No rule of court or procedure prohibited Plaintiffs from taking any of those actions. Plaintiffs did the following instead:

- Took their ten initial depositions in roughly the first year of discovery;
- Reached Rule 30's ten-deposition limit in April 2025;
- Allowed more than two months to pass; and
- With less than three months remaining in discovery, filed their motion for leave to depose *at least seventeen more* witnesses, while specifically "reserv[ing] the right to seek *additional depositions* later on should Plaintiffs determine such discovery is necessary." ECF No. 147 at 19 (emphasis added).

The only limiting principle Plaintiffs offered in their initial motion was whether "Plaintiffs determine[d]" additional depositions to be necessary—even the depositions beyond the twenty-seven in total they sought leave to take. *Id.* In these circumstances, the Court had an obligation to independently evaluate whether Plaintiffs had made a particularized showing of necessity for each additional deposition they sought to take, and also whether those seventeen-plus additional depositions would likely be cumulative or duplicative of

---

[1] This was Plaintiffs' burden. As Judge Fitzwater has explained:

> A motion for reconsideration is not ordinarily a mechanism for litigants to plug holes in their arguments after the court has informed them that they are deficient. There are often significant costs—to the justice system and to the litigants themselves—involved in judicial decisionmaking. It is therefore incumbent on the litigants to adequately present their arguments and evidence before the court first decides a motion, not after the fact, when the court has identified the defects in their cases.

*Arrieta*, 2009 WL 129731, at *2 (citation modified).

10

depositions already taken. The Court found that most—but not all—of the seventeen additional depositions likely would be cumulative or duplicative. *See* ECF No. 175 at 5–6.

In sum, the Court did not deny Plaintiffs' initial motion to take additional depositions because Plaintiffs bore the "burden" of showing why deposing additional witnesses would not be unreasonably cumulative or duplicative. The Court denied the motion—only in part— because Plaintiffs failed to adequately explain why they sought those depositions in the first place. This is hardly the kind of "clear error of law" Plaintiffs supposedly filed this Motion to correct. ECF No. 196 at 7.

> C. *Whether the Court Should Reconsider its Denial of Leave to Depose Defendants' Corporate Representatives and Six Additional Third-Party Event Producers*

The final issue: whether deposing Defendants' corporate representatives would in fact be "unreasonably cumulative or duplicative" because, Plaintiffs argue, written discovery "does not make a corporate representative deposition unreasonably cumulative or duplicative." ECF No. 181 at 7. Relatedly, they also ask the Court to reconsider its prior decision that it would not be "reasonable and necessary" for Plaintiffs to depose six additional third-party event producers when Plaintiffs have already deposed three such producers. *Id.* at 13.

In support of this request, Plaintiffs advance arguments and cite cases that appear nowhere in their initial motion. For example, citing a case from the Western District of Washington, Plaintiffs contend "there is a meaningful difference between receiving a document from an entity and asking the entity's corporate representative about that document live and under oath." ECF No. 181 at 7 (quoting *Naini v. King Cnty. Pub. Hosp. Dist. No. 2*, No. C19-886, 2019 WL 6877927, at *3 (W.D. Wash. Dec. 17, 2019)). And citing a Northern District of Texas case that itself quotes a case from the District of Connecticut, Plaintiffs write that "'[j]ust because the topics proposed are similar to those contained in

documents provided or interrogatory questions answered' does not prohibit the taking of a 30(b)(6) deposition." *Id.* at 8 (quoting *Lead GHR Enters., Inc. v. Am. States Ins. Co.*, No. 3:17-MC-091, 2017 WL 6381744, at *9 (N.D. Tex. Dec. 14, 2017) (quoting *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010))).

Compare this with Plaintiffs' discussion of corporate-representative testimony in the "Corporate Representatives under Rule 30(b)(6)" section of their initial motion, which the Court quotes in its entirety:

> Plaintiffs seek leave to depose each Defendants' corporate representative under Rule 30(b)(6). In a complex case such as this, an effective Rule 30(b)(6) deposition could occur only after sufficient discovery was conducted to understand the Defendants' structures, policies, and individual witnesses' testimony. Without completing individual depositions first, Plaintiffs would lack specific facts needed to sufficiently depose the Defendants' corporate representatives. Plaintiffs need to depose the Defendants to ask about their revenues and expenses related to events, as well as to confirm the corporation's "official" positions on numerous matters where there has been contradictory testimony. There are also some areas where the individual witnesses disclaimed knowledge, so a corporate representatives' [sic] testimony on such topics is needed. In addition, even if the Defendants' corporate representatives may include someone who has already testified, that does not make the Rule 30(b)(6) deposition unnecessary or cumulative. *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012).

ECF No. 147 at 11.

As already noted, motions for reconsideration "are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Planned Parenthood Fed'n*, 2022 WL 19010525, at *1. Rather, the *initial* motion is the proper vehicle for raising arguments a party would have the Court consider. Accordingly, the Court declines to reconsider whether it would be unreasonably cumulative or duplicative, or reasonable and necessary, for Plaintiffs to depose five corporate representatives and six additional third-party event producers.

A final observation: Words matter, and Plaintiffs should choose theirs more carefully. It is no small thing to tell a federal court that its opinion contained a "clear error of law."

ECF No. 196 at 7. Certainly, it is possible for courts to err—motions for reconsideration serve the important but narrow purpose of allowing courts to correct their mistakes. But at a bare minimum, a party bringing a motion for reconsideration must not write that a court's opinion was premised on a "clear error" without pointing to the precise way in which the party believes the court misread controlling precedent or overlooked a material fact. Plaintiffs should be more cautious in alleging "clear error."

## II. Updated Discovery Procedures

In its Memorandum Opinion and Order dated August 22, 2025, in which the Court responded to an unrelated discovery dispute, the Court admonished the parties that their conduct in this case to date has been "curt and uncivil." ECF No. 186 at 9. The Court further stated that the "parties are on notice that failure to satisfactorily confer before filing future discovery motions could expose both parties to *sua sponte* sanctions by the Court." *Id.* at 9–10 (citing FED. R. CIV. P. 26(g)(3) ("If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both.")). This was not the first time the Court has reminded the parties of their duty to attempt to resolve discovery disputes in good faith before involving the Court. *See, e.g.*, ECF No. 163 at 5 ("The Court expects the parties to work in good faith to resolve discovery disputes despite the numerous discovery disputes that have burdened this case.").

Both parties have failed to heed these warnings. Since the Court's August 22 Order, the parties have filed three more discovery-related motions, each of which the other party has vehemently opposed. *See* ECF Nos. 191, 194, 195, 197, 198, 199, 200.

Enough. To bring this case to a just and speedy resolution, the Court finds that the following discovery procedures are necessary:

- The Court expects the parties to make serious attempts to resolve all discovery issues without court intervention.[2] However, if those attempts prove unsuccessful, the parties shall strictly adhere to the procedures below. Failure to comply will result in the Court considering the entire range of available sanctions.

- If any counsel intends to file any discovery motion,[3] that counsel must meaningfully engage in a good-faith meet-and-confer phone call or in-person meeting with opposing counsel to resolve the discovery issues.[4] If the parties fail to resolve the discovery issues after the good-faith phone call or in-person meeting, the parties must file a Joint Advisory with the Court. Email exchanges will not satisfy this requirement, nor will abbreviated conferences in which the parties fail to substantively engage in good faith to resolve their dispute. Failure by either party to behave reasonably and amicably during these conferences will cause the Court to consider *sua sponte* sanctions.

- The Joint Advisory shall provide: (1) a summary of the discovery dispute's nature; (2) the reasons to seek—and to resist—the requested discovery,

---

[2] As the Court has already noted, a "serious attempt" to resolve discovery disputes in good faith means spending at least as much time conferring as the Court would need to spend adjudicating the dispute. *See* ECF No. 186 at 9 (citing *Seastrunk v. Entegris, Inc.*, No. 3:16-CV-2795, 2017 WL 6406627, at *8 (N.D. Tex. Dec. 15, 2017) ("When it may require several hours of court time to resolve the numerous issues raised, it seems logical that the parties will have spent an equal or greater amount of time attempting to resolve the issues without judicial involvement.")).

[3] This includes, but is not limited to, Motions to Compel, Motions for Protective Order, Motions to Quash, Motions to Stay Discovery, Motions to Conduct Discovery in Phases, Motions to Conduct Discovery by Electronic Means, and Motions to Strike, as related to both written and oral discovery materials, but does not include motions under *Daubert* and its progeny to exclude expert testimony based on an expert's qualifications and/or opinions.

[4] It is the Court's preference that the first of these conferences take place in person. If this is not feasible, video conferencing is also acceptable. Subsequent conferences may take place via phone call.

including applicable case citations; (3) the date(s) on which the good-faith phone call, in-person meeting, and any other meet-and-confer efforts occurred; and (4) the duration, participant names, and list of topics discussed during the conference. **This Joint Advisory shall not exceed two double-spaced pages**. Only after the parties file this Joint Advisory will the Court consider, in its discretion, granting leave to file a discovery motion.

- **The Court will order unfiled any discovery motion filed before this meet-and-confer and Joint Advisory process**. The parties shall not use the meet-and-confer process to circumvent Federal Rule of Civil Procedure 16's requirements to modify the Court's Scheduling Order or as a basis to request the Court modify its Scheduling Order under Rule 16.

Because of the parties' failure to satisfactorily confer before filing the discovery motions that remain pending, the Court also finds it necessary to return unfiled the following pending motions: ECF Nos. 165, 171, 174, 177, 191, 195, 198. The Court's ability to return these motions unfiled flows from a district court's "inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This inherent power is derived from the greater powers district courts possess to stay cases, *Landis*, 299 U.S. at 254, and to dismiss suits entirely for failure to obey court orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *see also Wright v. Abbott*, No. 3:23-CV-450, 2023 WL 4475609, at *1 (N.D. Tex. June 9, 2023) (Ramirez, J.), *report and recommendation adopted*, No. 3:23-CV-450, 2023 WL 4485918 (N.D. Tex. July 10, 2023) (noting that a district court's "inherent power to control its docket" includes the power

"to dismiss an action *sua sponte* for failure to . . . follow orders of the court" (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))); *Link*, 370 U.S. at 630–31 ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). The parties may seek the Court's leave to refile these motions, or to file other discovery-related motions, only after complying with the new discovery procedures.

The Court will issue a Second Amended Scheduling Order that includes these new discovery requirements. The parties may move, preferably jointly, to amend that Scheduling Order to account for the new discovery procedures that now govern this case.

CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is **DENIED**. The Court further **DIRECTS** the Clerk of the Court to return unfiled the following pending motions: ECF Nos. 165, 171, 174, 177, 191, 195, 198. The parties are **ORDERED** to comply with the discovery procedures detailed above or risk *sua sponte* sanctions.

**SO ORDERED**.

October 27, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE