IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

OPEN CHEER & DANCE
CHAMPIONSHIP SERIES LLC, *et al.*,

       Plaintiffs,

v.

VARSITY SPIRIT, LLC, *et al.*,

       Defendants.

2:23-CV-155-Z

## MEMORANDUM OPINION AND ORDER

Before the Court are the following motions to file documents under seal (collectively the "Sealing Motions"):

- Plaintiffs Open Cheer & Dance Championship Series LLC, The Open Cheer and Dance LLC, and Deep South Cheer Inc.'s Motion for Leave to File Motion for Summary Judgment and Materials Under Seal (ECF No. 225);

- Plaintiffs' Motion for Leave to File Responses and Appendices to Motion to Exclude Under Seal (ECF No. 234);

- Plaintiffs' Motion for Leave to File Under Seal as to Plaintiffs' Response to Defendants Varsity Spirit, LLC and U.S. All Star Federation Inc.'s Motion for Summary Judgment (ECF No. 246);

- Plaintiffs' Motion for Leave to File Under Seal Portions of Plaintiffs' Reply in Support of Plaintiffs' Motion for Partial Summary Judgment (ECF No. 256);

- Defendants' Motion to Maintain Certain Materials Under Seal (ECF No. 263);

- Defendants' Motion to Maintain Certain Materials Under Seal (ECF No. 264);

- Defendants' Motion to Maintain Certain Materials Under Seal (ECF No. 265);

- Defendants' Motion to Maintain Certain Materials Under Seal (ECF No. 266);

- Defendants' Motion to Maintain Certain Materials Under Seal (ECF No. 267);

- Defendants' Motion to Maintain Certain Materials Under Seal (ECF No. 268);

- Defendants' Motion for Leave to File Exhibits (ECF No. 276);

- Defendants' Motion for Leave to File Exhibits (ECF No. 277);

- Defendants' Motion for Leave to File Exhibits (ECF No. 278);

- Defendants' Motion for Leave to File Exhibits (ECF No. 279); and

- Defendants' Motion for Leave to File Exhibits (ECF No. 280).

The Court now makes the following rulings.

### LEGAL STANDARD

"The public's right of access to judicial proceedings is fundamental." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021); *see also June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) ("[T]he public's right of access to judicial records is a fundamental element of the rule of law."). The public accordingly "enjoys presumptive access to documents filed with the Court." *Blue Yonder Grp., Inc. v. Kinaxis Inc.*, No. 3:20-CV-3636, 2024 WL 4593005, at *1 (N.D. Tex. Oct. 28, 2024) (citing *Binh Hoa Le*, 990 F.3d at 419). The tradition of open courts "traces back to Roman law, where trials were *res publica*— public affairs"—and has deep roots in English common law. *Binh Hoa Le*, 990 F.3d at 418 ("Seventeenth-century English jurist Sir Edward Coke explained that 'all Causes ought to be heard, ordered, and determined before the Judges of the King's Courts openly in the King's Courts, *wither all persons may resort*.'" (quoting *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 565 n.6 (1980))). Parties may stipulate to keeping certain information confidential at the discovery stage, but when the time comes to file documents on the public docket, they must meet the "far more arduous" standard for "shielding records from public view." *Id.* at 420.

2

This does not mean that all documents filed in the federal courts must be filed publicly. *See Binh Hoa Le*, 990 F.3d at 419 ("[L]itigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential informants."). It does mean, however, that "courts should be ungenerous with their discretion to seal judicial records" and must perform a "strict[] balancing test" to decide whether a document should remain under seal. *Id.* at 418–19 (first citing *United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010); then citing *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019)). Redacting only certain parts of a document "can be preferable to sealing when the redactions are less restrictive on the public's right of access." *Philips N. Am. LLC v. Image Tech. Consulting, LLC*, No. 3:22-CV-147, 2025 WL 775820, at *1 (N.D. Tex. Mar. 11, 2025) (citing *United States v. Ahsani*, 76 F.4th 441, 453 (5th Cir. 2023)). "To decide whether to permit redactions, 'the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure.'" *Id.* (quoting *June Med. Servs.*, 22 F.4th at 521 (internal marks omitted)). A court's sealing decisions "must be explained at 'a level of detail that will allow for [appellate] review.'" *Binh Hoa Le*, 990 F.3d at 419 (quoting *United States v. Sealed Search Warrants*, 868 F.3d 385, 397 (5th Cir. 2017)).

"[T]o the extent a redaction is necessary, it must be 'congruent to the need.'" *Philips*, 2025 WL 775820, at *1 (quoting *Binh Hoa Le*, 990 F.3d at 420). The party "seeking to restrict access to public documents must show the restriction is necessitated by a compelling interest." *United States v. Johnson*, No. 4:12-CR-080, 2023 WL 5051331, at *1 (E.D. Tex. Aug. 8, 2023) (citation omitted); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("The party seeking to restrict public access must 'articulate compelling reasons supported by specific factual findings'" (quoting *Foltz v. State Farm Mutual Auto.*

3

*Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citation modified))). But the "mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1178.

**ANALYSIS**

Defendants have filed an omnibus amended sealing brief and associated appendices on April 9, 2026. ECF No. 281. They filed this brief in response to the Court's Order dated April 2, 2026, in which the Court noted that many of Defendants' sealing requests in this case "conflict with *Binh Hoa Le*'s admonition that parties must not 'conflate[] the standards for entering a protective order under Rule 26 with the vastly more demanding standards for sealing off judicial records from public view.'" *Id.* at 3 (quoting 990 F.3d at 420 n.41 (5th Cir. 2021)). The Court accordingly ordered Defendants to "file a brief explaining why all documents currently filed under seal should not be unsealed." *Id.* at 1. The April 2 Order further noted:

> [Defendants'] Response must be narrowly tailored to the allegedly confidential information; blanket assertions that entire documents should remain under seal will result in the Court unsealing that document in its entirety, as will assertions of confidentiality that are overly broad. The Court will assume that all documents not mentioned should be unsealed. Lastly, the response must state whether redaction would be a feasible alternative to sealing for each document Defendants discuss. If the response does not consider redaction as a possibility but the Court discerns that redaction would be preferable, the Court will unseal the entire document. The Court will also unseal the entire document if Defendants' proposed redactions are unnecessary.

*Id.* at 4 (internal citation omitted). The current Scheduling Order further states that a party "seeking to file a specific document under seal must: (1) move for leave; (2) brief the legal authorities indicating the risks of disclosure outweigh the public's right to know; and (3) explain that no viable alternative to sealing exists." ECF No. 273 at 7 (citing *Ramachandran v. Jain*, No. 3:18-CV-811, 2020 WL 5250542, at *3 (N.D. Tex. Sept. 3, 2020)).

4

## I.    Materials Neither Party Seeks to Maintain Under Seal

The Court begins with information one or both parties initially sought to file under seal, but the filing party has since stated it no longer wishes to keep under seal. These materials are:

- Defendants' Memorandum of Law in Support of Motion to Exclude Testimony of Stefan Szymanski (ECF No. 215-2);

- Defendants' Brief in Support of Motion for Leave to File Under Seal (ECF No. 217-1);

- Exhibits D to FF of the Léger Appendix to Defendants' Motion for Leave to File Under Seal (ECF No. 217-2).

- Defendants' Memorandum in Support of Motion for Summary Judgment (ECF No. 223-1);

- Plaintiffs' Response to Defendants' *Daubert* Motion and Motion for Leave to File Responses and Appendices to Motion to Exclude Under Seal and Appendix (ECF No. 234-1);

- Plaintiffs' Response to Defendants' Motion for Summary Judgment (ECF No. 246-1); and

- Plaintiffs' Supplemental Appendix (ECF No. 246-2).

These materials may not be filed under seal, either fully or in redacted form. The party who filed each document is responsible for refiling that document publicly, in accordance with the deadlines listed at the end of this Order.

## II.    Materials Not Relevant to the Parties' Motions

Defendants argue that "Plaintiffs have made the sealing issues much more burdensome for the Court and for Defendants by filing nearly two thousand pages of materials that were not cited, discussed, or relied upon at all in the Parties' summary

5

judgment briefing." ECF No. 281 at 9. Because, in Defendants' view, these materials are not directly necessary to decide pending motions, "[t]hese materials should be struck from the record or be maintained under permanent seal." *Id.* at 11.

As a preliminary matter, documents neither party cites or refers to at all clearly should not be part of the record in this case. *See* N.D. TEX. LOC. R. 5.2(d) (requiring parties to "file only the portions of discovery on which that party relies to support or oppose the motion" when "discovery materials are necessary for consideration of a pretrial motion"). Accordingly, all documents currently on file with the Court, but that neither party cites in a pretrial motion, will remain under permanent seal. It is the obligation of the parties to identify these documents to the Court by the deadlines listed at the end of this Order.

III.    **Pages Neither Party Specifically Cites**

Defendants also advance a related argument: that "there is no public right of access" to "all of the remaining pages" of cited documents simply because no party specifically references those pages. ECF No. 281 at 10–11.

The Fifth Circuit's case law lends no support to this idea. Defendants' proposed rule would define as "extraneous" all pages of a document "not cited in [a party's] briefing," excluding huge swathes of cited documents from the public record for the sole reason that Plaintiffs do not provide a pincite to each page. *Id.* at 11; *see also id.* at 10–11 ("Similarly, Plaintiffs filed the entire transcript of their experts' depositions, but only relied on a limited number of pages, with all of the remaining pages being extraneous. . . . Given that these extraneous materials are not cited in the briefing, they are not needed for the public to understand the basis for the Court's forthcoming decisions on these motions, and there is no public right of access to these materials."). This rule would also divorce the pages the parties do cite from the necessary context of the pages that surround them. Forty pages of a fifty-page document are not "extraneous" simply because a party cites only ten pages.

And it goes without saying that Defendants' proposed rule would conflict with the spirit of *Binh Hoa Le.* That case requires courts to engage in document-by-document, line-by-line balancing to decide whether to allow a party to conceal documents or portions of documents from public view. *Binh Hoa Le* makes no distinction between cited and uncited pages; it assumes that all pages should be open to the public unless the party opposing public access can provide a compelling reason for sealing. Defendants' approach to sealing would effectively—and wrongly—shift the burden from the party seeking to conceal information to the party favoring open access.

The only case Defendants rely on for support for their proposed rule is *Edwards & Associates, Inc. v. Atlas-Telecom Services-USA, Inc.*, No. 3:06-CV-751, 2007 WL 30256 (N.D. Tex. Jan. 4, 2007). There, Judge Fish wrote that parties should not submit either "extraneous materials which are irrelevant to their argument nor lengthy depositions to which the brief makes no pinpoint references (*i.e.*, page and line numbers)." 2007 WL 30256, at *5. Neither part of this disjunction supports Defendants' proposed rule. First, pursuant to Local Rule 5.2, the Court has already stated that the parties to this case should not submit materials they do not reference *at all*. And second, the passage Defendants quote from *Edwards & Associates* does not say that all parts of a document that a party does not directly reference should not be submitted to the public docket. It says that parties should not submit "lengthy depositions to which the brief makes no pinpoint references." 2007 WL 30256, at *5. This means even a cursory reference to a document is enough to establish a presumption in favor of admitting it in its entirety; the burden then shifts to the other party to show why the "interests favoring nondisclosure" outweigh "the public's common law right of access" to the rest of the document. *Binh Hoa Le*, 990 F.3d at 419 (citations omitted).

7

Thus, the sentence Defendants quote from *Edwards & Associates* amounts to saying the same thing twice: that parties should not file materials that are entirely irrelevant to their motions. The Court agrees. Here, however, by referencing a document in a motion or corresponding brief, Plaintiffs have established that it presumptively *is* relevant. It then becomes incumbent on Defendants to show why private interests nevertheless outweigh the public's right to view each document in its entirety.

Defendants attempt to make this showing for several categories of information that appear throughout the Sealing Motions. In the next Part, the Court examines each category in turn, engaging in a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 419 (citation and internal quotation marks omitted).

## IV. Defendants' First Motion for Leave to File Exhibits Under Seal (ECF No. 276)

In total, Defendants initially identified eleven categories of materials they wished to maintain under seal. ECF No. 263-1 at 14–25. In their Response to the Court's April 2, 2026 Order, Defendants state that they "reviewed the limited set of materials that they sought to maintain under seal and refined the materials further, avoiding the withholding of entire documents as much as possible." ECF No. 281 at 7. They accordingly dropped the tenth and eleventh categories of materials, which pertained to third-party information and information that predates this case, respectively, from their Sealing Motions. *Id.* ("Insofar as no third party has sought to intervene to maintain its materials under seal, that category (Category 11) has been dropped. For the sake of simplicity, Category 10—relating to documents that pre-date the relevant time period for this case—has also been dropped."). The remaining categories designated by Defendants are:

- Worlds Operations Information;

8

- Financial Information;

- Membership Strategy Information;

- Strategic Information;

- Disciplinary Information;

- Personnel Information, Including Compensation and Contact Information;

- Confidential Assessments of the Market and Competitive Conditions;

- Contracts, Invoices, and Third-Party Business Opportunities; and

- Internal Organizational Charts and Related Information.

ECF No. 281 at 11–19.

Unfortunately, *Binh Hoa Le* does not allow district courts to engage with sealing requests at the categorical level. *See also June Med. Servs.*, 22 F.4th at 521 ("It is the solemn duty of the judge to scrupulously examine each document sought to be sealed. It is not easy, but it is fundamental."). Instead, courts must review not just each document individually, but must go line by line to determine if the party favoring sealing has provided a compelling reason for each proposed redaction.

Defendants ask the Court to seal, in whole or in part, ninety-one separate documents, and identify nearly seven hundred specific pages or ranges of pages from which they want information redacted. The Court addresses each document in turn.[1]

### A. Deposition of William H. Seely (ECF No. 276-1)

The first document Defendants ask the Court to redact is Plaintiffs' Exhibit 1, the deposition of William H. Seely taken on March 26, 2025. Defendants propose twenty-eight individual redactions in this document.

---

[1] To avoid confusion, the Court refers to each document by its ECF number rather than by its party designation.

Defendants ask that the following information be redacted because they discuss confidential personnel information: PA.0005 (32:14-33:7); PA. 0022 (141:3-18).

The Court finds that lines 32:14-33:7 should not be redacted. The information found here discusses in vague terms the stock options that an employee of Defendants received as a result of a past transaction. It does not give a value of the stock options or otherwise disclose potentially sensitive information. Thus, Defendants' stated reason for seeking sealing—that personnel "compensation information is sensitive personal information and could be used by to recruit key personnel or challenge compensation strategies"—is inadequate.

PA. 0022 (141:3-18) also should not be redacted. Defendants' reason for redaction here, that "names are sensitive personal information and could be used by to recruit key personnel and implicate third parties privacy rights," again is inadequate. The only names given here are first names, and these individuals' connection with Defendants is presumably public. No privacy rights will be implicated by disclosing two individuals' first names. Besides, the two names appear on only one line—line 8—so Defendants' proposed redaction of sixteen lines is overbroad. This section must be filed publicly in its entirety.

Defendants next ask the Court to redact the following lines because they discuss strategic considerations: PA.0008-09 (47:25-50:14); PA.0013 (98:1-99:24, 101:17); PA.0016 (111:25-113:15); PA.0018 (123:25-124:16); PA.0020-21 (133:12-134:12, 135:7-135:10); PA.0026 (159:5-9); PA.0027 (162:6-163:19); PA. 0016 (111:6-17); PA. 0016 (112); PA. 0017 (117:11-25); PA. 0018 (123:25-124:21); PA. 0025 (153:5-16); PA. 0029 (177:2-18); and PA. 0030 (190:25).

Beginning with PA.0008-09 (47:25-50:14), the Court reminds Defendants that its April 2 Order stated that the Court would "unseal the entire document if Defendants' proposed redactions are unnecessary." For larger documents such as this deposition, unsealing the entire document would be unfair to Defendants because of the sheer volume of

information, some of which is rightly designated as confidential. However, the April 2 Order was clear that overly broad proposed redactions would cause the Court to disregard the proposed redaction and unseal all underlying information. Here, Defendants propose to redact nearly four pages of unbroken deposition testimony. Little of this is potentially sensitive. So the Court finds that PA.0008-09 (47:25-50:14) should be filed publicly in its entirety. PA. 0016 (112) should be filed publicly for the same reason.

The following should also be filed publicly: PA.0013 (98:1-99:24, 101:17); PA.0016 (111:25-113:15); PA.0018 (123:25-124:16); PA.0020-21 (133:12-134:12, 135:7-135:10); PA.0026 (159:5-9); PA.0027 (162:6-163-19); PA. 0016 (111:6-17); PA. 0017 (117:11-25); PA. 0018 (123:25-124:21); PA. 0025 (153:5-16); and PA. 0030 (190:25). Much of this information simply discusses Defendants' revenue growth, market share, past expansion targets, and so on. This information is not sufficiently sensitive to warrant sealing.

However, the following should be redacted: PA. 0029 (177:2-18). This excerpt discusses, in the present tense, talks Defendants may consider having with other entities in the cheer industry. If this were to become public, it could inhibit Defendants' ability to continue considering the action that is the subject of this excerpt.

Defendants request that the following passages remain under seal as confidential financial information: PA.0009 (53:5-9); PA.0012 (92:25, 93:7-9); PA. 0034 (223:15-2). "Courts may seal confidential financial information to prevent competitors from exploiting the information to the harm of the owner." *Blue Yonder*, 2024 WL 4593005, at *2 (citations omitted).

None of these passages warrant sealing. Instead, they discuss in general terms Defendant Varsity Spirit's relative market power. That is the central subject of this lawsuit, so it is obviously relevant, and the public has a presumptive right to know this information. Defendants' asserted justifications for sealing are insufficient.

Next, Defendants ask the Court to seal the following excerpts because they contain allegedly confidential assessments of the cheer industry: PA.0014 (102:2-3, 104:5-14); PA.0017 (114:4, 114:10); PA.0019 (126:4-127:5); PA.0029 (176:4-7); PA.0030 (191:2-193:4); PA.0032 (205:7-25); PA. 0013 (101:16-25); and PA. 0014 (102-103).

None warrant sealing. While the unstated reason for many proposed redactions is apparent—for example, PA.0014 (102:2-3) discusses Varsity's past market share relative to its closest competitor—this is not the same as information being so sensitive that Defendants' interest in keeping it private outweighs the public's right of access. Again, market share is directly relevant to this case. This is an antitrust lawsuit, after all. Information does not warrant sealing merely because it casts Defendants in a potentially unfavorable light.

Defendants' final proposed redaction is of PA.0033 (218:8-220:5). Defendants argue that this excerpt "contains specific amounts from confidential contracts between parties that should remain redacted." The Court agrees that this information should be redacted. Courts routinely grant motions to redact this kind of specific information about contract terms. *See, e.g., MIECO LLC v. Pioneer Nat. Res., USA, Inc.*, No. 3:21-CV-1781, 2022 WL 18034481, at *2 (N.D. Tex. Oct. 28, 2022) ("The public's common law right of access is limited with respect to confidential contracts that are not between the parties to this lawsuit." (citation modified)).

This excerpt is no different. However, the proposed redaction is overly broad. Defendants may redact only the following: PA.0033 (218:24-219:8).

### B. Exhibit to the Deposition of William H. Seely (ECF No. 276-2)

Defendants ask the Court to redact the following excerpts from Exhibit 1 to William H. Seely's deposition because the information is allegedly confidential strategic information: PA. 54 (244:3-23); PA. 59 (365:11-25); PA. 45 (164:1-25); PA. 46 (195:1-19); PA. 47-50 (209:1-212:20); PA. 51 (213:7-22); PA. 53 (234:15-18); PA. 54 (244:1-23); PA. 56 (246:5-23); PA. 57 (249:3-7; 17:25); PA. 58-59 (364:1-365:25).

For the same reasons given above, none of this strategic information warrants sealing. While some of the business discussions contained in this deposition transcript pertain to Varsity's plans to acquire competitors in the cheer industry, this is not by itself enough to justify sealing it from public view. When courts do permit such information to be filed under seal, they typically note that disclosing the information would directly lead a party to lose its competitive edge relative to its competition. *See, e.g., Blue Yonder Grp., Inc. v. Kinaxis Inc.,* No. 3:20-cv-03636, 2024 WL 4593005, at *5 (N.D. Tex. Oct. 28, 2024) (allowing sealing of "strategic information [that] is indicative of [a party's] business planning and strategy decisions which could be used competitively against" that party). The information referenced here dates as far back as the mid-2000s. It is hard to imagine how disclosing decades-old acquisition plans, some of which never came to fruition, would allow Defendants' challengers in the cheer industry to use this information against them. Besides, much of this information appears to be public knowledge anyway. *See* ECF No. 269 at 11 (noting that, in another context, Defendants sought to file under seal evidence that "multiple companies were working together to prevent EPs from doing business with the Open, which is precisely the kind of evidence that belongs to the public in an antitrust case").

### C. *Exhibit to the Deposition of William H. Seely (ECF No. 276-3)*

Here Defendants state that an excerpt on this single-page exhibit "contains confidential sales financial information, so it should be redacted." But the proposed redaction listed in Defendants' appendix is the entire page: "PA. 61." This is effectively a request to seal this exhibit rather than redact only certain information, such as one or more of the several places in this exhibit that lists sales figures and competition information. For this reason, the Court denies the request to seal this information. Defendants must file this exhibit publicly.

### D. *Exhibit to the Deposition of William H. Seely (ECF No. 276-4)*

In this exhibit, Defendants ask the Court to seal about a dozen pages on the ground that they contain "internal organizational charts and related information": PA. 63–74, 76.

This is another instance where Defendants' appendix says that it is asking the Court to only redact certain information, but the proposed redactions are entire pages. This is despite the fact that Defendants' appendix repeatedly refers to the information as merely "excerpts." Defendants' only support for the idea that this information should remain under seal is an unpublished four-paragraph opinion from the District of Nevada. *Clark v. Metro. Life Ins. Co.*, No. 3:08-CV-158, 2010 WL 1006823 (D. Nev. Mar. 16, 2010). There, the court allowed a party to file under seal certain "confidential internal business deliberations, organization, and capabilities." *Id.*, at *1. But the court gave no reasoning and did not state what kind of documents were at issue. This was also an out-of-circuit decision, and Defendants did not direct the Court to any post-*Binh Hoa Le* opinions from a district court in Texas, Mississippi, or Louisiana.

Here, the Court finds that Defendants have not met their burden of offering a compelling reason why these materials should be sealed. Defendants must file all of the above-listed exhibits publicly.

E.  *Exhibit to the Deposition of William H. Seely (ECF No. 276-5)*

Here Defendants wish to redact certain targeted financial figures from PA. 81-83. The Court agrees that this information should be redacted. First, the Court notes that unlike in other instances, Defendants here have narrowly tailored their sealing request to the bare minimum of arguably redactable information. And as Defendants point out, district courts after *Binh Hoa Le* often do permit information such as "revenue generated from certain projects as well as discounts, profits margins and other internal financial information" to be redacted. *Crescent City Remodeling, LLC v. CMR Constr. & Roofing, LLC*, No. CV 22-859, 2023 WL 2950374, at *2 (E.D. La. Jan. 11, 2023). "This type of information is regularly

14

recognized as the type of private financial information that supports a party's request to maintain same under seal." *Id.*

### F.  *Exhibit to the Deposition of William H. Seely (ECF No. 276-6)*

Defendants wish to redact from this exhibit all financial figures and percentages related to their market share in the All Star cheerleading market, as well as the total number of All Star gyms nationwide. As the Court has already noted, this information is directly relevant to this antitrust case. Defendants' request here is also overly broad. Defendants must file this information publicly.

### G.  *Exhibit to the Deposition of William H. Seely (ECF No. 276-7)*

Here Defendants seek to seal email correspondence between Brian Elza, a vice president at Varsity, and several other employees of Defendants. Defendants wish to redact two bullet points from this email in which Mr. Elza discusses two benefits to a potential acquisition of Champion Spirit Group, based in Chicago, Illinois.

Defendants must file this exhibit publicly. Defendants' stated reason for redaction is that the excerpt "discusses strategic considerations about a potential transaction, including confidential financial information." But the proposed redaction contains no financial information; in fact, the only financial figures in the email appear in a portion Defendants do not wish to redact.

### H.  *Exhibit to the Deposition of William H. Seely (ECF No. 276-8)*

Here Defendants ask to redact certain financial figures from a single-page graphic showing how Varsity compares to several of its competitors. Defendants may redact this information: Defendants' request is targeted and will not affect the public's ability to view the graphic itself, which illustrates Varsity's market position relative to its competition.

### I.  *Exhibit to the Deposition of William H. Seely (ECF No. 276-9)*

This exhibit represents another instance of Defendants asking to redact large swathes of information from a twenty-page slideshow. Defendants' request is not at all targeted or minimally burdensome to the public's presumptive right of access. For example, while Defendants describe their proposal for this exhibit as redaction, Defendants' proposed redactions constitute well over half of the information contained within Exhibit 9. If the Court granted Defendants' Sealing Motion as to this exhibit, several pages would be redacted in their entirety.

Defendants would even fully redact pages that feature only trite corporate-speak that reads like it was copy-pasted from a McKinsey & Company presentation to executives in an unrelated industry. Take page six, which Defendants would file virtually entirely under seal:



ECF No. 276-98 at 6.

The Court cannot approve such indiscriminate sealing. This page and many others like it contain no potentially sensitive information, but Defendants would redact this slide anyway. Defendants must publicly file Exhibit 9 in its entirety.

*J. Exhibit to the Deposition of William H. Seely (ECF No. 276-10)*

This exhibit is another attempt at mass-sealing. Defendants propose eighty-two different redactions from this 117-page exhibit.

Many of these "redactions" are again not redactions at all, but attempts to obscure entire pages from public view. Defendants' proposed sealing in this exhibit is so indiscriminate that partial redactions—that is, pages where even a sliver of information would remain public, as opposed to pages that Defendants would file entirely under seal—are the exception rather than the rule. For example, setting aside the first few introductory pages and pages containing only generic promotional photos, the Court had to read until page thirty-nine before finding a page with more information Defendants would file publicly than under seal.

Granting Defendants' Sealing Motion as to ECF No. 276-10 would be a flagrant violation of *Binh Hoa Le*. Because it was Defendants' burden to propose targeted redactions and to articulate a compelling reason for each piece of information it would file under seal, the Court orders Defendants to file this document publicly in its entirety.

*K. Exhibit to the Deposition of William H. Seely (ECF No. 276-11)*

This exhibit continues this pattern. For starters, much of this 100-page exhibit is already redacted from prior litigation, presumably in a state or circuit with less demanding standards for sealing. Pages 23–49, for example, are completely obscured by a large "Redacted" text box.

Defendants would redact even more from the remaining pages. All that would survive on page fifty-six, for instance, are the already public names of two prominent Varsity executives and a stock photograph of a cheerleader:



ECF No. 276-11 at 56. Defendants make no discernible effort to target their proposed redactions across huge spans of this lengthy exhibit. If the Court were to grant their Sealing Motion as to this document, the public would be left guessing as to the contents of this page and dozens of others like it.

Defendants have not met their burden as to this document. Thus, they must file it publicly.

### L.  *Exhibit to the Deposition of William H. Seely (ECF No. 276-12)*

This ninety-five page document[2] is again largely redacted already—no information other than stock promotional photographs appears for the first seventy pages. When you finally do reach the first page with any text, page seventy-one, Defendants would redact it in

_____

[2] This exhibit is omitted from Defendants' appendix, which skips from ECF No. 276-11 to 276-13. However, because Defendants included it in their Sealing Motion, the Court analyzes it as if it is included in the appendix.

18

its entirety. They would do the same with the page after that, and the page after that, and the page after that, and on and on.

When the reader reaches page eighty, there is finally a sliver of text Defendants would allow the public to view:

Case 2:23-cv-00155-Z    Document 276-12    Filed 04/09/26    Page 80 of 95    PageID 27187

ECF No. 276-12 at 80. All that would remain visible under Defendants' proposal, however, are a few names and various "due dates" for unspecified tasks for which the public would have no context. The rest of Defendants' proposed redactions are more of the same.

Defendants again have not met their burden and must file this exhibit publicly.

*M. Exhibit to the Deposition of William H. Seely (ECF No. 276-13)*

The proposed redactions here are limited to several seemingly nonpublic names of individuals employed by Defendants. Defendants point out that courts routinely allow such information to be filed under seal. *See, e.g., Moller v. Martian Sales, Inc.,* No. CV 24-228,

2025 WL 3628130, at *1 (E.D. La. Dec. 15, 2025); *Ultimate Innovations, LLC v. Mfrs. Transp., Inc.*, No. 4:24-CV-557, 2025 WL 1119730, at *1 (E.D. Tex. Apr. 7, 2025).

The Court agrees that this information should remain sealed. Defendants may file this exhibit with their proposed redactions.

### N. *Exhibit to the Deposition of William H. Seely (ECF No. 276-14)*

In this document, Defendants return to redactions that are so complete that it would be inaccurate to describe their proposals as redactions at all. All information on pages 4–11 would be filed under seal; page twelve's generic seven-word header would be filed publicly; pages 13–17 would be filed entirely under seal; and so on. In total, Defendants propose nearly 100 separate redactions in this 100-page document.

Defendants' proposal for this exhibit would shield the vast majority of information contained within it from the public. The little information Defendants would allow the public to see is irrelevant to this case, while the substantive heart of this document would be filed virtually entirely under seal. Defendants fail to articulate a compelling reason for this, so they must file this document publicly.

### O. *Exhibit to the Deposition of William H. Seely (ECF No. 276-15)*

If the Court were to grant Defendants' Sealing Motion as to ECF No. 276-15, every word from this twenty-one-page sales slideshow would be filed under seal. Not even the graphics would be filed publicly.

The Court denies Defendants' request to seal this exhibit. Defendants must file this document publicly.

### P. *Exhibit to the Deposition of William H. Seely (ECF No. 276-16)*

Defendants' proposed redactions from the first part of this slideshow are targeted and reasonable. They also concern a past financial transaction with little direct relevance to this

litigation. Accordingly, Defendants may file this document with their proposed redactions from pages 1–13.

However, beginning on page sixteen, Defendants return to asking the Court to seal entire pages from public view without articulating a compelling reason for doing so. Defendants must file pages 16–36 publicly, with these exceptions: Defendants may file this document with their proposed redactions on pages thirty-one and thirty-six.

V.    **Defendants' Second Motion for Leave to File Exhibits Under Seal (ECF No. 277)**

A. *Exhibit to the Deposition of William H. Seely (ECF No. 277-1)*

Defendants ask to file thirty-eight of this exhibit's forty-nine pages entirely under seal. Many of the pages they would spare from sealing are filler pages with little or no text, and only a few contain targeted redactions. Defendants' stated reason for filing most of these pages under seal is that they "discuss[] confidential financial information, strategic assessments of the market/competition, and assessments of Varsity's operations." This is not a compelling reason for sealing—and many of these pages do not actually contain financial information at all—so Defendants must file these pages publicly.

However, several pages do contain sensitive information regarding Varsity's partnerships with schools that its competitors could leverage against it. For this reason, the following pages may be filed under seal: PA. 0604–06; PA. 0635–38.

B. *Exhibit to the Deposition of William H. Seely (ECF No. 277-2)*

Defendants' proposed redactions here are targeted—they ask the Court to redact just one full sentence and one portion of another sentence. But their stated reason for redaction— that the excerpt "discusses Varsity's internal strategy regarding its evaluation of competitors"—is insufficient. The material Defendants would redact here goes right to the heart of this antitrust case, so Defendants must file it publicly.

### C. *Exhibit to the Deposition of William H. Seely (ECF No. 277-3)*

Defendants' proposed redactions in this exhibit are less targeted, and the stated reason—the excerpt "covers confidential strategic information regarding Varsity's response to a request made by an individual" event provider—again falls short of the standard for sealing. Defendants must file this exhibit publicly.

### D. *Exhibit to the Deposition of William H. Seely (ECF No. 277-4)*

In this exhibit, Defendants ask the Court to approve the blanket redaction of virtually all of the relevant information from an email exchange between Jeff Fowlkes and John Newby. All that would remain public in the main email from this three-page exhibit is a one-sentence introduction and a two-sentence sign-off at the end of the email.

The Court denies Defendants' request to seal this exhibit. Defendants must file this document publicly.

### E. *Exhibit to the Deposition of William H. Seely (ECF No. 277-5)*

Here, Defendants again propose a blanket redaction that is more akin to a request to seal the entire exhibit. Defendants must file this document publicly.

### F. *Exhibit to the Deposition of William H. Seely (ECF No. 277-6)*

Defendants describe their proposal for this exhibit as a redaction, but thirty-two of this exhibit's thirty-three pages would be filed under seal if the Court grants their Sealing Motion as to this exhibit. Even so, this exhibit is a confidential contract between Varsity and another entity known as "FloSports." The terms of this contract are private, and it would not be feasible to redact only certain parts of this document. *See, e.g., MIECO LLC v. Pioneer Nat. Res., USA, Inc.*, No. 3:21-CV-1781, 2022 WL 18034481, at *2 (N.D. Tex. Oct. 28, 2022) (permitting sealing of "confidential contracts that are not between the parties to this lawsuit"). So Defendants may file it with their proposed redactions.

### G. *Exhibit to the Deposition of William H. Seely (ECF No. 277-7)*

22

The proposed redactions here are relatively targeted, but as with ECF No. 277-2, the information Defendants wish to redact is directly relevant to this case and their reason for redaction is insufficient. Defendants must file this document publicly.

### H. Exhibit to the Deposition of William H. Seely (ECF No. 277-8)

Defendants' proposed redactions to this exhibit begin as targeted redactions of specific financial figures, but their proposal quickly devolves into wholesale sealing of entire paragraphs. The stated reason for redaction—that the excerpt "discusses Varsity's internal strategy regarding its challenges, short- and long-term planning, growth plans, and priorities"—is also insufficient to overcome the presumption in favor of the public's right of access. The Court denies Defendants' Sealing Motion as to this exhibit.

### I. Exhibit to the Deposition of William H. Seely (ECF No. 277-9)

Here Defendants propose redactions across six of this exhibit's nine pages. Their stated reason for all of these redactions is the same: the information "should be redacted" because it "discusses confidential financial information." As the Court has already noted, information may not be shielded from public view merely because it contains financial figures. Defendants must file this exhibit publicly.

### J. Deposition of John Newby Taken March 12, 2025 (ECF No. 277-10)

Defendants wish to redact certain information from twenty-three pages of this forty-three page deposition.

They first ask to redact John Newby's places of birth and residence at PA.0736 (7:12-18). This information is private and bears no apparent significance to this case, so the Court grants Defendants' Sealing Motion as to this information.

Defendnats next ask to redact PA.0743-44 (52:1-54:9). They argue that this excerpt "discusses Varsity's internal strategy regarding a request made by an individual [event

producer], so it should be redacted." The Court disagrees. Varsity's plans to acquire potential competitors is relevant to this case. Defendants may not redact this information.

However, Defendants may redact PA.0745 (67:10-68:3, 69:8-25). This information pertains to a bonus paid to a Varsity employee after Varsity was acquired by Bain Capital. This is personal financial information rather than financial information relating to Varsity itself, so Defendants may redact it. For similar reasons, Defendants may redact the phone number listed at PA.0747 (75:4).

Defendants may not redact the information at PA.0747-48 (76:19, 77:12-13, 78:12-16). This information relates to Varsity's revenue, which is directly relevant to this litigation.

Defendants may redact the personal residence information listed at PA.0750 (94:24-95:3).

The information at PA.0754-55 (141:15-18, 141:22-142:2) may not be redacted. It discusses Varsity's strategy for combating competing events held by another cheerleading organization, so it's directly relevant to this antitrust case.

Nor may Defendants redact PA.0756 (146:3, 146:6-8, 146:16-22, 147:3-5, 147:7-14, 147:19-148:10). Defendants' reason for redaction—that these excerpts "discuss[] Varsity's internal strategy regarding how to approach its relationship with USASF"—is insufficient. The same goes for PA.0757 (150:16-17, 150:21, 151:15, 152:2, 152:4-10, 152:14, 152:21-153:3) and PA.0761-62 (190:3-4, 190:8-21, 190:24-191:10, 191:15-16, 191:19-20, 191:22, 191:25-192:18, 192:22-24, 193:13-14, 193:17-18, 193:20-21, 193:23, 194:1-3, 194:7-12). This information relates to Varsity's strategy for dealing with other organizations, so it's relevant to this case. Defendants must file these excerpts in unredacted form.

Defendants must also file these excerpts publicly: PA.0762-65 (197:8-10, 197:16-17, 198:1-24, 199:6-13, 199:15-21, 199:25-200:3, 200:6-10, 200:12-13, 200:23-25, 201:6-9, 202:21-23, 202:25-203:1, 203:3-7, 203:11-17, 203:20-204:17, 204:23-205:7, 205:16-206:23). This

24

information discusses Varsity's approach to dealing with its competition, so it's presumptively relevant, and Defendants must file it publicly. The same holds for PA.0765-66 (209:19, 209:21-210:1, 210:5-10, 210:15-17) and PA.0767 (214:1-3, 214:14-17, 214:23-24, 215:1-10, 216:2-20).

Defendants must also file PA.0768 (218:21-221:2, 221:9-10, 221:13-14, 221:20-22) publicly. Defendants here propose the blanket redaction of several consecutive pages of this deposition. Their stated reason for this, that these excerpts discuss Varsity's "internal strategic evaluation of the state of the industry and its growth plans," falls short of the burden for sealing. The same is true of the information found at PA.0769 (243:6-8, 243:10-12, 243:15-16, 243:19-25, 244:3-6).

PA.0770 (247:9-248:18) must be filed publicly as well. This information is relevant to Varsity's industry-wide strategy for dealing with its competitors, so it is relevant to this litigation. The same holds for PA.0771 (250:8-9, 250:11-12, 250:15-22, 251:6-8, 251:16-252:2, 252:21-23, 253:1, 253:5-6, 253:10-16) and, for different reasons, PA.0772 (256:3-257:15). This last excerpt may not be redacted because it speaks to Varsity's plans for its own organization in a way that is indirectly relevant to Varsity's position in the industry.

### K. Exhibit to the Deposition of John Newby (ECF No. 277-11)

Defendants may not redact the excerpt at Appx. 0813. This information is from an email sent by Brian Elza, a Varsity employee, about Defendants' strategy for its Summit event. This information is relevant to this litigation and must be filed publicly.

### L. Exhibit to the Deposition of John Newby (ECF No. 277-12)

Defendants also may not redact the information found in this exhibit. This is another example of a "redaction" that is really a request to seal virtually the entire document—almost nothing would remain if the Court granted Defendants' Sealing Motion here. Defendants must file this document publicly in its entirety.

*M. Exhibit to the Deposition of John Newby (ECF No. 277-13)*

Defendants' request for this exhibit is more targeted, but only slightly. They still propose redacting large swathes of this email exchange. Granting Defendants' request would strip this document of nearly all of its relevant information, so Defendants must file it publicly.

*N. Exhibit to the Deposition of John Newby (ECF No. 277-14)*

The same is true of this document. Because this email exchange "discusses Varsity's internal strategy regarding its challenges, short-and long-term planning, growth plans, and priorities," Defendants ask the Court to redact nearly entire document. Defendants must file it publicly.

*O. Exhibit to the Deposition of John Newby (ECF No. 277-15)*

In this final exhibit in ECF No. 277, Defendants would redact essentially all of the relevant information from this document. They may not. This exhibit must be filed publicly in its entirety.

## VI. Defendants' Third Motion for Leave to File Exhibits Under Seal (ECF No. 278)

*A. Exhibit to the Deposition of John Newby (ECF No. 278-1)*

This email exchange appears to be identical to one the Court has already Defendants to file publicly. Defendants must file this exhibit publicly as well.

*B. Exhibit to the Deposition of John Newby (ECF No. 278-2)*

Defendants would redact well over half of this six-page exhibit. All that would remain is a few short paragraphs that provide no information relevant to this lawsuit. Defendants must file this exhibit publicly.

*C. Exhibit to the Deposition of John Newby (ECF No. 278-3)*

From this exhibit, Defendants may not redact any information found at ECF No. 278-3 at 2–3. However, pages three and four list the specific names of several cheerleading programs. Defendants may redact these names on both pages three and four, even though their Sealing Motion asks the Court to approve the redaction of names from page five only.

### D.  Exhibit to the Deposition of Jeffrey G. Webb (ECF No. 278-4)

Defendants ask the Court to redact about a dozen excerpts from this transcript of a video deposition of Jeffrey G. Webb taken on April 11, 2025. Their first proposed redaction is found at PA. 0878 (81:2-7). Defendants may not redact this information, as it merely discusses in general terms Varsity's plans for international expansion.

Defendants also may not redact PA. 0879 (82:1-3, 82:25-83:14) or PA. 0880 (87:13-14, 87:25-88:1, 89:13-16). These excerpts discuss Varsity's history and role in building the cheerleading industry in the United States. They are relevant to this litigation and Defendants' stated reason for redaction—that they feature Varsity's "internal reflections about its organization and its strategy"—is insufficient to overcome the presumption in favor of the public's right of access.

For similar reasons, Defendants also may not redact PA. 881 (97:24-25), PA. 882 (98:1, 98:9-11, 98:14-22), or PA. 882 (99:19-21, 100:16-18, 101:4-9, 101:23-24). These excerpts discuss Varsity's domestic and international business strategy in general terms. Nothing here merits sealing. The same goes for PA. 883 (103:4-7, 103:13-15, 104:2-4, 105:9-12), PA. 0884 (106:1-5), and PA 0885 (115:4-5, 115:12-13), which also simply describe Varsity's business strategy in broad terms.

Lastly, Defendants ask to redact certain specific financial figures from PA.0888 (142:12-143:6). They may not. As the Court has already discussed, the fact that a given piece of information contains financial figures does not mean it should be redacted. Defendants' cited cases are inapposite—all post-*Binh Hoa Le* cases cited by Defendants allowed financial

27

figures to be sealed because they also involved "protected banking or financial information" and the like. *See, e.g., 1031 Canal Dev., LLC v. Nat'l Fire & Marine Ins. Co.*, No. CV 24-2457, 2025 WL 3170858, at *2 (E.D. La. Nov. 13, 2025); *Zebra Techs. Corp. v. Onasset Intel., Inc.*, No. 3:21-CV-055, 2025 WL 1869588, at *2–3 (N.D. Tex. July 7, 2025) (allowing sealing of "sales to a particular . . . customer, which includes the identity of the customer, the customer tagging targets, the number of . . . units involved, the pricing of the . . . units, and the revenue generated from the business between [disclosing party] and the customer" as well as sealing of "specific costs that [the disclosing party] incurred in the manufacture of its products").

### E.  *Exhibit to the Deposition of Jeffrey G. Webb (ECF No. 278-5)*

Here Defendants would redact virtually every relevant slide, in each slide's entirety, from this 120-page slideshow presentation from Varsity's Q4 2017 Board of Directors meeting. Defendants repeat the same reasons for sealing, such as that a given slide "discusses confidential commercial structures regarding the Varsity Brands IMPACT School Partnership Program, including proprietary operational data, and the specific software architecture used to manage these partnerships." None are availing. And often the stated reason bears no apparent relation to the slide Defendants wish to file under seal. For example, Defendants give the above reason for sealing for PA. 0904, but that slide contains no such information. Instead, it simply reads "INTEGRATED CUSTOMER DATABASE / SALESFORCE.COM."

And as already noted, even when Defendants' justification for sealing *does* relate to the slide to be sealed, Defendants make no attempt to provide the Court with targeted redactions. Instead, they simply ask that dozens of entire slides be filed outside public view, repeating the same few reasons for sealing throughout.

Because Defendants have provided an insufficient justification for the mass-sealing of this exhibit, they must file it publicly.

28

### F. Exhibit to the Deposition of Jeffrey G. Webb (ECF No. 278-6)

Defendants may not redact the financial figures found in this exhibit. The Court has already stated that without more, financial figures may not be sealed simply because they are disclose specific numbers and percentages. Further, the numbers here are the same as those found at PA.0888 (142:12-143:6), which the Court has already ordered Defendants to file publicly.

### G. Exhibit to the Deposition of Jeffrey G. Webb (ECF No. 278-7)

Defendants must file this exhibit publicly. It appears to be the same email exchange the Court has already ordered filed publicly. Regardless, the fact that the "[e]xcerpt covers internal strategy discussions related to competitor landscape and future business plans" is not enough to show that it should be redacted.

### H. Exhibit to the Deposition of Jeffrey G. Webb (ECF No. 278-8)

Defendants ask to redact from this exhibit the same email, sent by Brian Elza, as in ECF No. 278-7. Defendants must file this exhibit publicly.

### I. Deposition of Karl Olson Taken April 2, 2025 (ECF No. 278-9)

From this deposition, Defendants wish to redact seven excerpts. The first is PA.1128 (66:4-69:24), where Defendants would redact ninety-six of the 100 lines that appear on this page. They may not. The excerpt discusses Mr. Karl Olson's role at Varsity more than a decade ago. No private or sensitive information would be disclosed by filing this exhibit publicly.[3]

Next is PA.1129-30 (74:20-78:16). Defendants claim that this excerpt "contains details in confidential contracts between parties that should remain redacted. If the specific confidential terms of contracts, specific business opportunities, and/or specific invoice

---

[3] While not relevant to the Sealing Motions, this excerpt exemplifies the unbecoming behavior counsel have displayed throughout this litigation. *See* PA. 1128 (66:16–67:10).

information including pricing were revealed to the public, Defendants' competitive position would be undermined." But it doesn't. It merely discusses the approximate amount of money Mr. Olson received when Varsity was acquired by Bain Capital. No "confidential terms of contracts" that could "undermine" Varsity's market position will be disclosed by filing this excerpt publicly.

Turning to PA.1130-31 (78:20-81:16), Defendants must file this publicly as well. This excerpt, like others the Court has already said must be filed on the public docket, discusses Varsity's international business strategy in general terms.

Defendants must also file PA.1138-40 (116:3-5, 117:6-7) publicly. This excerpt discusses the relationship between ICU and Varsity, which is clearly relevant to this litigation. This is not, as Defendants assert, "confidential sales financial information about Varsity's budget, funding, and revenues." Defendants may not redact this information.

As for PA.1142-47 (136:20-151:8), Defendants may redact the names of individuals that appear at PA.1142. They may also redact these names wherever else they appear throughout this excerpt. But they may redact nothing else. And Defendants may not redact PA.1166 (292:5-19).

### J.  Exhibit to the Deposition of Karl Olson (ECF No. 278-10)

ECF No. 178-10 is a seventy-three-page Memorandum about Varsity's role in the American cheerleading industry. Defendants' proposed redactions would gut the Memorandum of any potentially relevant information. For example—and recall that this is an antitrust case—Defendants would redact from page eight all information about Varsity's estimated market share and market position relative to its competitors.

Defendants must file this exhibit publicly in its entirety. They have not met their burden of showing that private interests outweigh the public's presumptive right of access.

### K.  Exhibit to the Deposition of Karl Olson (ECF No. 278-11)

This exhibit features a table discussing some of Varsity's strategic initiatives as of July 2015. Defendants would redact the entire table, leaving only "Here is updates for [Varsity All Star]." Instead, they must file it publicly.

### L. Exhibit to the Deposition of Karl Olson (ECF No. 278-12)

Here again Defendants would redact virtually all relevant information from this exhibit. The only information the may be redacted from this exhibit is the names of specific cheer teams featured on page four, as well as the name (and other identifying information) of the individual with whom Varsity was corresponding here.

### M. Exhibit to the Deposition of Karl Olson (ECF No. 278-13)

This exhibit contains financial information Defendants would like to redact. They may not. The Court has already noted that a party may not redact financial information simply because it is financial information. So Defendants must file this exhibit publicly.

### N. Exhibit to the Deposition of Karl Olson (ECF No. 278-14)

Defendants ask to seal this contract between Varsity and International Cheer Union in its entirety. Courts often allow contracts that have at least one nonparty as a signatory to be filed under seal. *See, e.g., MIECO LLC v. Pioneer Nat. Res., USA, Inc.*, No. 3:21-CV-1781, 2022 WL 18034481, at *2 (N.D. Tex. Oct. 28, 2022) (permitting sealing of "confidential contracts that are not between the parties to this lawsuit"). But that's not what this contract is. This contract is between two Defendants: Varsity and ICU. Varsity's relationship with ICU is obviously relevant to this case, and the contract does not contain the kind of specific confidential details that might warrant sealing it. So Defendants must file this exhibit publicly.

### O. Exhibit to the Deposition of Karl Olson (ECF No. 278-16)

Defendants may file this exhibit with their proposed redactions, which consist of the names of several nonparty event providers. Importantly, Defendants' redactions are narrow, limited to only those event providers' names.

### P. Deposition of Steve Peterson Taken March 25, 2025 (ECF No. 278-17)

This exhibit is the transcript of the deposition of Steve Peterson, taken on March 25, 2025. Nothing in the transcript warrants redaction, so Defendants must file it publicly. And as the Court already noted above, the fact that Plaintiffs cite only certain pages of the deposition does not mean that Defendants must file those pages only. The Court therefore denies Defendants request to file 2-5 (PA.1395), 13 (PA.1396), 30 (PA.1397), 32 (PA.1397), 46 (PA 1400(a)), 50 (PA 1400(b)), 52-53 (PA.1400(b)), 55-57 (PA.1401), 64 (PA.1402), 66 (PA.1403), 71-73 (PA.1404), 84-85 (PA.1405), 87-88 (PA.1406), 90 (PA.1407), 92 (PA.1407), 95-97 (PA.1408), 102 (PA.1409), 103 (PA.1409), 111-113 (PA.1411), 114 (PA.1412), 121 (PA.1413), 130-131 (PA.1416), 133 (PA.1416), 134 (PA. 1417), 148 (PA.1419), 152 (PA.1420), 162-164 (PA.1421), 181 (PA.1424), 182 (PA.1425), 188-189 (PA.1426), 193 (PA.1427), 198 (PA.1429), 215-217 (PA.1433), 222 (PA.1434), 231-233 (PA.1436), 235-237 (PA.1437), 242 (PA.1438), 246 (PA.1439), 249 (PA.1439), 250-251 (PA.1440), 253 (PA.1440), 254 (PA.1441), 256-257 (PA.1441), 260 (PA.1442), 265 (PA.1443), 278-280 (PA.1444), 283-284 (PA.1445) under permanent seal.

### Q. Exhibit to the Deposition of Steve Peterson (ECF No. 278-18)

Defendants may file this exhibit with their proposed redactions (PA.1507, 1508, 1509, 1514, 1515, 1521), which are limited to "Steve Peterson's specific, non-public personal compensation amounts tied to equity, ESOP, and phantom plan transactions." As Defendants note, the redacted information bears "minimal relevance to the claims" in this case, and Mr. Peterson's private interest in privacy outweighs the public's right of access to this information.

*R.  Exhibit to the Deposition of Steve Peterson (ECF No. 278-19)*

In this exhibit, Defendants may redact only the individual names listed at PA. 1586 and the event provider names found at PA. 1591, PA. 1593, and PA. 1596. No other information in this exhibit warrants sealing or redaction.

*S.  Exhibit to the Deposition of Steve Peterson (ECF No. 225-3)*

Defendants included this exhibit as part of their Sealing Motion as to ECF No. 278, but upon review, the Court has found that ECF No. 225-3 is Plaintiffs' Appendix in Support of Their Motion for Partial Summary Judgment. The specific appendix page number Defendants cite, PA. 1597 and PA. 1608, also cannot be found in either ECF No. 278-19 or ECF No. 278-20. Defendants also include several other references to ECF No. 225-3 in their Sealing Motion as to ECF No. 279.

Because the references to ECF No. 225-3 appear to be a typographical error, the Court cannot rule on Defendants' Sealing Motion as to this document at this time. If Defendants believe these excerpts still warrant sealing, they may file a renewed Sealing Motion as to these excerpts.

*T.  Exhibit to the Deposition of Steve Peterson (ECF No. 278-20)*

Defendants ask to redact from this exhibit excerpts on PA. 1600-01, 1604, and 1606. The Court grants the Sealing Motion as to this exhibit because the event provider names listed here are not relevant to this litigation.

**VII.   Defendants' Third Motion for Leave to File Exhibits Under Seal (ECF No. 279)**

*A.  Exhibit to the Deposition of Steve Peterson (ECF No. 279-1)*

Defendants want this exhibit to remain sealed because it "identifies specific EPs subject to disciplinary actions, internal investigations, and enforcement decisions that are not publicly disclosed. Disclosure would expose sensitive compliance determinations and the

rationale for non-compliance warnings involving non-party EPs, risking reputational harm and undermining the integrity of USASF's internal disciplinary processes." But their proposed redactions are not limited to this information. Instead, Defendants would redact an entire email sent by Steve Peterson to an event provider threatening disciplinary action if the provider did not comply with Defendants' requests.

Defendants may redact information that may identify the event provider, such as their name and email address, but no more.

### B. Exhibit to the Deposition of Steve Peterson (ECF No. 279-2)

Defendants may file this exhibit with their proposed redaction at PA.1632.

### C. Exhibit to the Deposition of Steve Peterson (ECF No. 279-3)

Defendants may redact the email addresses and names found on PA.1651, which, as Defendants note, essentially amounts to a "customer list" of event providers who received a member agreement from USASF.

### D. Exhibit to the Deposition of Steve Peterson (ECF No. 279-4)

As with ECF No. 279-1, Defendants' proposed redactions go far beyond the reason they give. Defendants may redact names and email addresses, but no more.

### E. Exhibit to the Deposition of Steve Peterson (ECF No. 279-5)

Defendants may not redact any information from this exhibit. While it also features the names of specific event providers, at least one provider is a plaintiff in this case: Deep South. Filing this exhibit in unredacted form is relevant to showing how Defendants have treated the specific plaintiffs to this suit.

### F. Exhibit to the Deposition of Steve Peterson (ECF No. 279-6)

Defendants ask to redact much of this exhibit because it "identifies specific EPs, individual communications, and the status of ongoing outreach efforts, which reflects

USASF's non-public membership management, recruitment, and retention activities. Public disclosure would reveal internal coordination, relationship management, and strategic communications with members and prospective members, as well as candid internal commentary regarding such strategy." But here again Defendants' proposed redactions are far too broad. Very little of the proposed redactions actually bear on the specific event providers. And the fact that filing this exhibit in unredacted form would mean exposing "candid internal commentary" does not mean redaction is appropriate. This commentary is directly relevant to the underlying litigation, so Defendants' must file this exhibit publicly.

G. *Deposition of Dana Fielding Taken February 26, 2025 (ECF No. 279-7)*

Beginning with what Defendants must certainly file publicly, Defendants write that 2-5 (PA.1840), 10-12 (PA.1841), 19-22 (PA.1843-44), 31-32 (PA.1845), 36-37 (PA.1846), 50 (PA.1847), 52-53 (PA.1847), 74 (PA.1849), 78 (PA.1850), 106-08 (PA.1855), 118 (PA.1856), 125-26 (PA.1857-58), 128-130 (PA.1858-59), 146 (PA.1860), 153 (PA.1861), 158-59 (PA.1862), 163-66 (PA.1863-64), 172-74 (PA.1865-66), 179-183 (PA.1867-68), 190-92 (PA.1869), 199-201 (PA.1871), 208-09 (PA.1872), 215-17 (PA.1873), 219-21 (PA.1874), 261-62 (PA.1875-76), and 302-307 (PA.1876-78) should be stricken from the docket because these "transcripts are not cited or relief upon in Plaintiffs' Summary Judgment Briefings." As the Court has already noted, a given page of a document is not "extraneous" simply because no party provides a pincite to it. Defendants must file all these pages with no redactions.

Next, Defendants ask to redact PA.1841 (11:4-6, 11:15-16, 12:8-13). They may. This information is specific identifying personal information, such as addresses and phone numbers, with no relevance to this case.

But they may not redact PA.1844 (24:19-25:5). Defendants say this "excerpt contains sensitive details about the compensation structure and financial arrangements for private

individuals employed by USASF, the disclosure of which would reveal confidential financial and employment information not publicly available." But it wouldn't. This excerpt just shows that Ms. Fielding was being paid by USASF—a fact that's clearly relevant to this antitrust suit.

Nor may Defendants redact PA.1849 (74:1-75:17). Their reason for redaction—that it "references a non-public, loan agreement which implicates Varsity and a third-party's internal financial operations, capital structure, and allocation of resources that are not publicly disclosed. It also touches on sensitive business relationships and financial arrangements, the disclosure of which could cause competitive harm, mischaracterize internal transactions outside of the proper context, and expose confidential contract- and opportunity-related discussions"—is insufficient. All this excerpt shows is that Varsity loaned money to USA Cheer. Same goes for PA.1863 (165:16-25), which Defendants also may not redact.

### H. Exhibit to the Deposition of Dana Fielding (ECF No. 279-8)

Defendants may file this exhibit with their proposed redactions on PA. 1956. All that will be redacted are the names of certain event providers and events.

### I. Exhibit to the Deposition of Dana Fielding (ECF No. 279-9)

Defendants may also redact PA. 2104-08. This is another example of what is essentially a customer list of all teams who were awarded bids for Worlds.

### J. Exhibit to the Deposition of Dana Fielding (ECF No. 279-10)

Defendants may not, however, redact PA. 2221, which appears to be identical to another email exchange the Court has already ordered filed publicly.

### K. Robin Coe Proposal to John Dated May 31, 2022 (ECF No. 279-11)

36

Defendants may redact the specific team names that appear at Appx. 2293–94, but no more.

L. *Varsity's Responses to Plaintiffs' First Requests for Admission (July 7, 2025)*

Defendants may not redact PA.2302 from ECF No. 279-13. Nor may they file PA.2304, 2305 with their proposed redactions. The substance of the information Defendants wish to redact is the same as other information the Court has already ordered filed publicly.

M. *USASF Event Producer Data (ECF No. 223-2)*

Defendants may file the spreadsheet that begins at DA.45 under seal. This is a "non-public compilation of USASF EP events and associated individuals, including names, email addresses, phone numbers, and other contact details of third parties who are not parties to this litigation." Defendants rightly note that "[d]isclosure would expose sensitive contact information and relationship data while also revealing USASF's internal tracking of member and event participation, which reflects confidential outreach, recruitment, and retention efforts."

N. *Deposition Excerpts (ECF No. 279-12)*

Defendants may not redact 214:1-20 (DA.1491) or DA.1502-05 from this document. While these excerpts do "concern[] USASF's non-public interactions with a specific EP," no harmful information will be filed publicly by ordering that this exhibit not be redacted.

O. *Leger Report (ECF No. 279-14)*

The Court has reviewed this document. Nothing in it warrants redaction, so Defendants must file LR.23, LR.31-32, LR.50, LR.56, LR.68-69, LR.70, LR.71, LR.73-74, LR.75-77, LR.78-81, LR.82, LR.83, LR.86-88, LR.92, LR.95, LR.99-100, LR.105-06, 108, LR.111-12, LR.76-77, and LR.95 publicly.

P. *Leger Rebuttal Report (ECF No. 279-15)*

The same goes for this rebuttal report, which covers largely the same ground as the main expert report. Defendants may not redact any information from this document.

### Q. ECF No. 279-16

Defendants ask to redact DA.1541-53 because this excerpt "covers tables showing a list of non-Varsity events and event producers that were authorized to give bids to the Summit, D2 Summit, or Youth Summit, and the percentage of bids allocated. This is all confidential strategic information that should be redacted because if disclosed publicly, it could be used by competitors against Varsity to Varsity's detriment."

This excerpt must be filed publicly. Whether certain non-Varsity-affiliated EPs were authorized to award bids to Varsity events is directly relevant to this case. When the Court has allowed past documents containing EP information to be redacted, it was because disclosing the EP's name served no apparent purpose in this litigation. That is not the case here.

Nor may Defendants redact any information from DA.1553-54 or DA.1555. These excerpts simply discuss in general terms Varsity's bid-awarding process, which is obviously relevant to this case.

### R. Expert Report of Kevin M. Murphy (ECF No. 279-17)

Defendants may not redact DA.1680 (Fn262 (first five lines)) from this exhibit. It is not enough that the excerpt "contains information that is used to negotiate contracts and includes detals [sic] of what is included in rental contracts." Nor may DA.1712 (entire page) be redacted, which is a table showing the number of bid events in the United States for the Summit events by season.

### S. Email (ECF No. 279-18)

DA.2040 must be filed publicly. Defendants' reason for redaction—that the excerpt to be redacted shows "internal decision-making encompassing deliberations, planning, and strategic initiatives that are not publicly disclosed"—is insufficient.

### T.  USASF Board Meeting (ECF No. 279-19)

This excerpt, DA. 2044, also may not be redacted. It simply speaks in general terms about gym registration numbers and, at the end, disclosed the number of individuals issued certain certificates and the number of Worlds Open Teams that had been trained at that time.

## VIII.  Defendants' Fifth Motion for Leave to File Exhibits Under Seal (ECF No. 280)

### A.  Deposition Transcript of Stefan Szymanski (ECF No. 280-1)

Defendants may not redact PDA.0506 (159:10-19) or PDA.0517 (204:15-17). Neither excerpt warrants sealing.

### B.  Deposition Transcript of Pierre Leger (ECF No. 234-6)

None of Defendants proposed redactions here—PDA.0563 (129:3-5), PDA.0564 (130:11, 130:15-16, 131:3-8), PDA.0570 (154:21-155:3), and PDA.0586 (221:13-16)—warrant sealing. Defendants must file this document publicly.

### C.  Szymanski Report (ECF No. 280-2)

The Court has reviewed this document and found that most of Defendants' proposed redactions are unwarranted. However, Defendants may redact the financial figure found at SR.27. This "specific, non-public personal compensation amount[] tied to equity" is not relevant to this litigation and so may be redacted.

### D.  ECF No. 280-3

Defendants may not redact the figure found at page twenty. As the Court has noted already, Defendants' market share is a central part of this case, so Defendants may not redact it absent another compelling reason to do so.

### E. ECF No. 280-4

From Plaintiffs' Brief in Support of Their Motion for Partial Summary Judgment, Defendants ask to redact dozens of excerpts across the majority of the brief's pages. Very little of relevance would be left if this document is filed as Defendants propose.

None of these excerpts warrants redaction. This document must be filed publicly in its entirety.

### F. ECF No. 280-5

Defendants would also redact several excerpts from pages 10–11 of their Response. None of the proposed excerpts merit redaction.

### G. ECF No. 280-6

From this final document, Defendants would redact most of the information found on page six and much of the information on page ten. Nothing here meets the standard for sealing, so this document must be filed publicly.

### IX.   Scope of This Order

If this Order does not specifically state that information may be sealed or redacted, it must be filed publicly. The parties may assume that if this Order does not specifically state that certain information may be filed under seal, the party seeking to file that information under seal failed to carry its burden of showing a compelling reason for shielding that information from public view. To the extent there is any ambiguity about whether a given document or portion of a document should be sealed or redacted, the parties should in all instances err on the side of filing it publicly. The parties also may not file under seal any

information that is already publicly available. *See June Med. Servs.*, 22 F.4th at 520 ("Publicly available information cannot be sealed.").

The Court expects strict compliance with this Order. The Court also expects the parties to work in good faith to resolve any disputes about the scope of this Order—*without* the Court's supervision. *See* ECF No. 202 at 1–2 (noting that as of October 27, 2025, the parties had brought twenty-three separate discovery disputes to the Court for resolution); *see also* ECF No. 163 at 5 ("The Court expects the parties to work in good faith to resolve discovery disputes despite the numerous discovery disputes that have burdened this case."). If a party attempts to maintain information under seal that this Order does not permit to be sealed or redacted, or the parties fail to meaningfully confer *in good faith* before asking for Court intervention, the Court will consider the full range of appropriate sanctions.

## X.   The Court's Rulings on the Sealing Motions

The Court summarizes its rulings on each Sealing Motion as follows:

- The Court **DEFERS** ruling on Defendants' Sealing Motion as to ECF No. 225-3.

- Defendants' Sealing Motion as to ECF No. 276 is **GRANTED** in part and **DENIED** in part.

- Defendants' Sealing Motion as to ECF No. 277 is **GRANTED** in part and **DENIED** in part.

- Defendants' Sealing Motion as to ECF No. 278 is **GRANTED** in part and **DENIED** in part.

- Defendants' Sealing Motion as to ECF No. 279 is **GRANTED** in part and **DENIED** in part.

- Defendants' Sealing Motion as to ECF No. 280 is **GRANTED** in part and **DENIED** in part.

It is the Court's understanding that Defendants' latest round of Sealing Motions obviated the need for the Court to review earlier-filed Sealing Motions. *See* ECF No. 281 at 7 ("In light of the Court's April 2, 2026 Order, Defendants have reviewed the limited set of materials that they sought to maintain under seal and refined the materials further, avoiding the withholding of entire documents as much as possible."). If this is incorrect, the parties may bring this to the Court's attention pursuant to the deadlines listed below.

## XI.   Filing of Documents Under this Order

**No later than seven days from the date of this Order**, each party who filed a Sealing Motion must produce to other parties all of its proposed filings under this Order. Then, **no later than fourteen days from the date of this Order**, the parties must meet and confer to determine if the proposed filings are correctly designated as unsealed, redacted, or fully sealed. The parties must ensure that each document filed pursuant to a Sealing Motion the Court has granted in part—*i.e.*, a document that is to be redacted but not filed under seal—is correctly redacted. No document may be redacted to a greater extent than the Court has permitted in this Order. If this Order does not specifically permit information to be redacted, it must be filed unredacted and not under seal.

For Sealing Motions the Court has denied, the party who filed the Motion must file an unredacted and unsealed version of the underlying document **within twenty-one days of the date of this Order**. For Sealing Motions the Court has granted in part and denied in part, the party who filed the Motion must publicly file an unsealed and redacted version of the underlying document **within twenty-one days of the date of this Order**. If the Court authorized sealing a document in its entirety, the party who filed the Sealing Motion must file a sealed and unredacted version of the document **by the same date**. All documents filed

pursuant to this Order will be deemed timely filed if they are filed within the time period specified in this paragraph.

The party who filed each Sealing Motion is responsible for filing the underlying document in strict compliance with this Order. Where the Order gives specific paragraph or line numbers in addition to a page number (*e.g.*, PA.0012 (92:25; 93:7–9)), the responsible party may redact only the specific lines listed.

All filings made in response to this Order shall include a certificate of conference indicating that the parties have conferred regarding the filing, which attorneys participated, the date, method, and duration of the conference, and that the parties jointly agree and represent to the Court that the documents are being filed in accordance with this Order. A party may not file a document pursuant to this Order without this certificate of conference.

CONCLUSION

The Court **GRANTED** in part and **DENIED** in part all of the Sealing Motions currently before the Court, other than the exceptions listed above. The Court **GRANTS** the parties leave to file renewed Sealing Motions **within seven days** if they believe the Court has not addressed a document sought to be filed under seal.

**SO ORDERED**.

May 8, 2026

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE