IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

OPEN CHEER & DANCE
CHAMPIONSHIP SERIES LLC, *et al.*,

    Plaintiffs,

v.

    2:23-CV-155-Z

VARSITY SPIRIT, LLC, *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion for Leave as to the Court's Orders Regarding Exhibit Sealing and to Hold the May 29, 2026 Deadline in Abeyance Pending Further Developments in the Case ("Motion"), filed May 28, 2026. ECF No. 322. Plaintiffs responded the same day. ECF No. 323. Defendants replied later that evening. ECF No. 324.

**BACKGROUND**

On May 8, 2026, the Court ordered the parties to publicly file thousands of pages of documents that Defendants had sought to maintain under seal no later than today, May 29 (the "Sealing Orders"). ECF No. 290. The Court deferred ruling on one of Defendants' motions to file under seal but later denied it in part, ordering Defendants to file redacted versions of the documents at issue by the same date. ECF No. 305.

On May 22, the parties filed a Joint Status Report Regarding Mediation, stating that they "attended an in-person mediation" the week prior and "anticipate[d] finalizing a settlement agreement soon." ECF No. 317 at 1–2. This settlement was between Plaintiffs and Defendant Varsity only and did "not include Plaintiffs releasing any claims against Defendant USASF." *Id.* at 2. On May 26, Plaintiffs filed another status report, which stated that they had "reached a confidential settlement agreement with respect to Plaintiffs' claims

against only Defendant Varsity" and that "[t]he terms of the agreement have been reduced to writing in the form of a Confidential Settlement Agreement." ECF No. 319 at 1. Plaintiffs said the settlement "contemplate[d] the dismissal of Defendant Varsity upon its fulfillment of certain terms under the Settlement Agreement within 7 days," after which time they would file a stipulation of dismissal. *Id.* The Court accordingly ordered Plaintiffs and Varsity to file such a stipulation on their proposed timeline, ordered Plaintiffs to mediate their remaining claims against USASF, denied the parties' summary judgment motions as moot, and vacated all pending deadlines not related to the Sealing Orders. ECF No. 321 at 2. Regrettably, the Court also invited the parties to "move for leave and explain" whether "their partial settlement affects the upcoming May 29 sealing deadlines." *Id.* n.1. An onslaught of briefs followed.

ANALYSIS

Defendants "submit that the partial settlement and the Court's denial of the pending summary judgment motions as moot warrants holding in abeyance the May 29, 2026 deadline to file the materials that were submitted under seal with the parties' summary judgment motions." *Id.* at 2. As Defendants note, the Court did not rule on those motions on the merits, "but instead denied them as moot and administratively closed the case, pending court-ordered mediation with an eye toward resolution of the remaining claims against Defendant USASF." *Id.*

Defendants argue this warrants "holding the May 29 deadline in abeyance for now as it pertains to the summary judgment materials" because the documents filed in connection with those motions were not relied upon in the "exercise of judicial authority." *Id.* at 3 (citing *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (2021)). They do not dispute that the filing deadline for materials related to the motions the Court has ruled on, including Defendants' *Daubert* motions, still "remain in effect." *Id.* at 3 n.1. Plaintiffs counter that

2

"[o]nce a document is filed on the public record it becomes a 'judicial record'" to which the public's right of access attaches. ECF No. 323 at 1 (quoting *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019)). They aver that the Court has already "considered each document, page by page" under *Binh Hoa Le* and argue that holding today's sealing deadline in abeyance would amount to "reconsider[ation]" of the Court's Sealing Orders "under a less strict standard." *Id.* at 1–2.

Under *Binh Hoa Le*, "[j]udicial records are public records," and "public records, by definition, presume public access." 990 F.3d at 416. The "working presumption is that judicial records should not be sealed," and parties who wish to file documents under seal must satisfy "a stricter balancing test" that "applies '[o]nce a document is filed on the public record.'" *Id.* at 419 (quoting *Vantage*, 913 F.3d at 451). The Court takes the public's right of access to judicial proceedings very seriously. This is why the Court, in its May 8 and May 18 Sealing Orders, ordered the public filing of thousands of pages of documents Defendants sought to maintain under seal, allowing only limited redactions. ECF Nos. 290, 305.

But a question remains: What is a "judicial record"? Is a judicial record anything filed on the public docket, as Plaintiffs contend? Or, as Defendants argue, is a judicial record only those documents actually relied upon by a court "in the exercise of judicial authority"—*i.e.*, in the adjudication of the rights of parties on the merits?

The answer is somewhere in between. *Binh Hoa Le* itself doesn't define "judicial records." But it strongly implies that a "judicial record" is any document filed with a court in connection with motions that ask the court to exercise its adjudicative authority. *See* 990 F.3d at 420 n.41 (noting that the lower "good-cause standard would not justify sealing documents *filed on the record in support of summary judgment*" (citing *Vantage*, 913 F.3d at 451 (emphasis added))). The act of filing a document on the public docket creates a

3

presumption in favor of public access to that document, which "can be rebutted only by compelling countervailing interests favoring nondisclosure." *Id.* at 421. *Binh Hoa Le* and the follow-on case of *June Medical Services, L.L.C. v. Phillips* support this view: Both say the public access right attaches "at the adjudicative stage," which they describe as beginning "when materials enter the court record." 22 F.4th 512, 521 (5th Cir. 2022) (quoting *Binh Hoa Le*, 990 F.3d at 420).

Nowhere do *Binh Hoa Le* or its progeny distinguish between documents related to motions the court eventually rules on on the merits and those the court does not. As Plaintiffs note, district courts in the Fifth Circuit routinely rule on motions to file documents under seal before issuing merits rulings on the underlying motions—just as the Court did here. *See, e.g., Carter v. Sw. Airlines Co.*, No. 3:17-CV-2278, 2022 WL 283025 (N.D. Tex. Jan. 31, 2022) (ruling on three motions for leave to file documents under seal without addressing the underlying summary judgment motions). But under Defendants' proposed rule, the public's right of access would attach only *after* the underlying motion has been adjudicated on the merits. Nothing in *Binh Hoa Le* supports that reading, and widespread district court practice undermines it.

In fact, *Binh Hoa Le* implicitly rejects Defendants' position. Judge Willett repeatedly distinguishes between the lower standard for "sealing documents produced in discovery" and the "stricter" standard that applies "[o]nce a document is filed on the public record." *Binh Hoa Le*, 990 F.3d at 419. The public's right of access does not apply at all to the first category of documents, which require only "good cause" to maintain under seal. *Id.* at 418–19. But it applies with full force the moment a document is filed on the public docket. *See id.* at 419 n.31 ("One explanation of the different sealing standards for discovery and judicial records is that 'material filed with discovery motions is not subject to the common-law right of access,

4

whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right.'" (quoting *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001))). And *Binh Hoa Le* reiterates that filings related to dispositive motions, like the summary judgment motions at issue here, are always subject to the strictest sealing requirements. *See id.* (noting that "dispositive filings" are "generally subject to a more stringent sealing standard than discovery documents" (citing Seth Katsuya Endo, *Contracting for Confidential Discovery*, 53 U.C. DAVIS L. REV. 1249, 1283 (2020))); *see also id.* at 420 n.41 ("[M]aterials used by a court in granting summary judgment, a dispositive motion that adjudicates the legal merits of a case and that essentially substitutes for trial, present the clearest example of judicial records presumptively subject to public scrutiny." (quoting Laurie Kratky Dore, *Secrecy by Consent: The Use and Limits of Confidentiality in the Pursuit of Settlement*, 74 NOTRE DAME L. REV. 283, 375 (1999))). The mere fact that the Court has not ruled on the parties' summary judgment motions does not mean that Defendants are relieved of their obligations under the Sealing Orders.

Nor does the fact that the Court denied the summary judgment motions as moot pending mediation[1] mean that the public's right of access has been erased. Undoubtedly the presumption in favor of public access is weaker here than if the Court had used these materials to issue a ruling on the merits, as the Court did with Defendants' *Daubert* motions. ECF No. 320. But it has not vanished altogether. Here, the parties filed these documents in connection with their summary judgment motions. The parties requested a ruling on those motions and asked the Court to rely on the documents in making that ruling. *See* ECF No.

---

[1] In a footnote, Plaintiffs say they "may seek clarification regarding the denial of their motion for summary judgment as moot and whether they will be granted leave to re-file the motion." ECF No. 323 at 2. In the unlikely event that mediation proves unsuccessful, the Court will grant both Plaintiffs and USASF leave to refile any necessary motions.

311 at 2 (asking the Court to vacate two pretrial deadlines because "the parties anticipate[d] that the Court's rulings on those motions will materially affect the scope" of their trial preparation). The documents remain "judicial records" just as much as before the Court denied the summary judgment motions as moot. So Defendants must file them for the public to see.

Defendants' Motion is **DENIED**. All deadlines from the Court's Sealing Orders (ECF Nos. 290, 305) remain in place. Plaintiffs may file "copies of their own filings that no party seeks to seal, as well as those filings where the Court has declined to redact or seal anything." ECF No. 323 at 3. The parties are reminded that "[t]he Court expects strict compliance with" its orders and violations of the Sealing Orders will expose the violating party to the "full range of appropriate sanctions." ECF No. 290 at 41.

**SO ORDERED**.

May 29, 2026

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE