IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

OPEN CHEER & DANCE
CHAMPIONSHIP SERIES LLC, *et al.*,

      Plaintiffs,

v.

U.S. ALL STAR FEDERATION, INC.,

      Defendant.

2:23-CV-155-Z

## ORDER

The Court is in receipt of correspondence from Nicole Riccio, counsel for Defendant U.S. All Star Federation, Inc. ("USASF"). Ms. Riccio writes that she is unable to comply with the Court's order that she and counsel for Plaintiffs "appear in person to show cause at 3:00 p.m. (CDT) on Monday, July 13, 2026." ECF No. 356 at 2. Why? She "will be traveling out of the country from July 10 through July 26, and will be in Vietnam on July 13, the date set for" the show cause hearing. Ms. Riccio "respectfully propose[s] two alternatives" for the Court's consideration:

1. "Continuing the in-person status conference for the week of July 27, 2026.

2. Alternatively, if the Court prefers to keep the July 13 date, I would respectfully request permission to appear by Zoom while one of my co-counsel appears in person on behalf of USASF."

There is a third option: Ms. Riccio's co-counsel[1] is **ORDERED** to appear at the show cause hearing **in person** as *lead* counsel, both for purposes of the hearing and for the rest of

---

[1] As the Court noted in its Order setting this hearing, Ms. Riccio is not currently designated as USASF's lead counsel. *See* ECF No. 356 at 2 n.2. "John S. Morgan of Clouse Brown PLLC" is. *Id.* USASF may retain Mr. Morgan as lead counsel, or it may choose to designate any other attorney as lead counsel aside from Ms. Riccio.

this case. Lead counsel must have full authority to enter into agreements and stipulations that will bind Defendant USASF.

Ms. Riccio may appear in person as secondary counsel if she wishes.[2] The time and date of the hearing remain unchanged.

**SO ORDERED.**

July 6, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

---

[2] Time and again, USASF and its codefendants—in filings signed by Ms. Riccio—have shown that they are unwilling to deal with opposing counsel "in good faith." ECF No. 356 at 1. The unprofessional conduct that precipitated the Court's Order setting this hearing was merely the latest entry in a nearly three-year-long saga. *See, e.g.,* ECF No. 150 at 4 ("The Court admonishes the parties to, in the utmost good faith, 'confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.'" (quoting FED. R. CIV. P. 37(a)(1)); ECF No. 186 at 9 ("The Court declines to discuss the [parties' cross-motions for sanctions] because neither party attempted to brief it. The Court further admonishes the parties to resolve their discovery disputes without Court involvement, as required by both Rule 37 and the Scheduling Order governing this case." (citation omitted)); ECF No. 202 at 1–2 (describing the twenty-three distinct "discovery spats" the parties had asked the Court to resolve as of October 2025 and "the parties' failure to satisfactorily confer before filing" motions).

2